EMMA E. KRICKAU *vs.* JAMES A. WILLIAMS.

DECEMBER 31, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, J. J.

*(1)   Attorney and Client.   Summary Action of Court.*

An attorney obtained a loan from petitioner for which he gave her a mortgage, not having the legal title to the property which the mortgage purported to convey. At the time the relation of attorney and client did not exist between them, and the mortgage was given at his suggestion and was not

the inducement for making the loan. Respondent claimed that the mortgaged property was purchased with his money, and the holder of the legal title acknowledged his ownership and admitted that the mortgage constituted a valid lien upon it.

*Held,* that a summary order would be denied, since the transaction was entirely unrelated to the professional character of respondent.

*Held,* further, that while the court would in any case for the integrity of the profession and the protection of the public, exercise proper discipline over an attorney even if a summary order would not lie; in this case no moral turpitude appeared warranting the entry of any disciplinary order.

*(2)   Attorney and Client.   Summary Action of Court.*

Where the relation of attorney and client exists, the summary jurisdiction of the court will not be exercised against an attorney, if it appears that there exists a fair dispute between him and the client which can be decided only on the settlement of doubtful questions of fact or law, but the parties will be left to their ordinary remedies, and summary action by the court should be taken only in cases where the action of the attorney is dishonest, oppressive, or clearly illegal.

PETITION FOR SUMMARY ORDER against an attorney at law and denied.

SWEETLAND, J.   This is a petition asking for summary action against the respondent as an attorney at law. The petition was referred to the committee on complaints against members of the bar. After hearing, said committee reported the matter as one requiring examination by the court. A hearing was had before us at which the parties presented their testimony and arguments.

The petitioner claims that she loaned five hundred dollars to the respondent, and that in the transaction, the respondent committed fraud by reason of a false representation which he made to her as to his ownership of certain real estate upon which he gave the respondent a mortgage as collateral security for said loan.

At the time of making said loan and giving said mortgage the relation of attorney and client did not exist between the parties. The respondent at one time, had acted as attorney for the petitioner in an unimportant matter, but that had been concluded a number of years ago.

The respondent admits that he received five hundred dollars from the petitioner, but claims that he received said sum for the purpose of investing it for the petitioner in a venture in which he was interested with others. The (1) respondent, however, is willing that said transaction should be regarded as a loan of money to him, and herein it will be treated in that manner. The respondent admits that he gave the mortgage in question to the petitioner, and at the time of its delivery he did not have the legal title to the land and building which said mortgage purported to convey; but that the legal title to the same was in his mother-in-law, a Mrs. Crittenden. The respondent claims, however, that the mortgage in question was given as collateral security for said loan entirely upon his suggestion; that it was not demanded by the petitioner; that she agreed to loan the money to him before he suggested the giving of said mortgage; and that said mortgage was not the inducement for making said loan. This is admitted by the petitioner in cross-examination.

The respondent further claims that although the legal title to said real estate was in his mother-in-law, the said mortgage in fact constituted a valuable security for said loan; that said lands and building were purchased by him with his own money and that, although the legal title was taken in the name of Mrs. Crittenden, she acknowledges the respondent's ownership of said real estate and will recognize said mortgage as constituting a valid lien upon said real estate. In this claim, the respondent is fully supported by the affidavit of Mrs. Crittenden, which affidavit was admitted in evidence without objection by the petitioner.

The respondent further claims that at the time of giving said mortgage to the petitioner he fully explained these circumstances to her. This latter claim of the respondent is denied by the petitioner.

It appeared at the hearing that the respondent, since the commencement of these proceedings, has offered to repay said loan with interest and is still ready to do so;

but that the petitioner has not felt at liberty to accept said payment until the conclusion of these proceedings.

From the circumstances of this matter, it does not appear to us that a summary order against the respondent should be made upon this petition. The transaction in question was entirely unrelated to the professional character of the respondent. The summary jurisdiction of the court invoked by the petitioner arises from the control which the court will exercise over its officers in regard to those relations of trust and confidence existing between such officers and their clients, which relation arises from the special privilege conferred upon such officers and the special credit given to them by the court as persons worthy to assume such relations of trust and confidence. It is the well settled rule in this country that courts will not exercise such jurisdiction to compel an attorney to pay money or to perform any other act in matters unconnected with the professonal character of the attorney. 18 Ann. Cas. 115; 27 Ann. Cas. 234. In *Windsor* v. *Brown,* 15 R. I. 182, the money, for the payment of which the petitioner sought to obtain a summary order against the respondent, an attorney at law, came into the respondent's hands by reason of his position of attorney at law acting for the petitioner. The petitioner, however, before filing her petition had brought an action at law against the respondent for the recovery of said money and had obtained judgment against him. The court recognized the principle that its summary jurisdiction over the respondent depended upon the existence of the relation of attorney and client between the parties and held that "the summary jurisdiction of the court cannot be invoked when the relation of attorney and client has been changed to that of debtor and creditor." *Anderson* v. *Bosworth,* 15 R. I. 443, was a petition for an order requiring the respondent to pay over certain moneys received by him as attorney. The court in that case held that, although the relation existing between the parties was not that of attorney and client it would grant the order on the ground

that the money came into the respondent's hands as an attorney at law; and the court recognized the principle as well settled that jurisdiction of this kind is restricted to matters in which the attorney has been employed in his professional character. Although the court will not make a summary order against an attorney in matters of business between him and other persons, when such business is not related to his profession, yet the court will, in any circumstances, for the integrity of the legal profession and the protection of the public, when it appears that the attorney is no longer worthy of confidence, declare his privilege as an attorney entirely forfeited or restrain him by proper discipline. *Crafts* v. *Lizotte*, 34 R. I. 543.

In the matter at bar the court does not find that moral turpitude on the part of the respondent has been established or that under the testimony the court would be justified in the entry of any disciplinary order against the respondent.

It further appears to the court that the order which the petitioner seeks should not be made even if the relation of attorney and client existed between the parties. From the testimony given before us it is by no means established that the respondent was guilty of misrepresentation in obtaining said loan from the petitioner. Upon the establishment of that fact depends the petitioner's right to have the order which she seeks. There is a dispute between the parties as to such alleged misrepresentation; and in that dispute the contention of the respondent is not so unreasonable that it should be disregarded. If a dispute of this nature exists between attorney and client the rule followed in summary proceedings by the courts of the United States is well stated in *Strong* v. *Mundy*, 52 N. J. Eq. 834: "The behavior which will justify the exercise of this summary jurisdiction must be such as is dishonest or oppressive or clearly illegal. If it appears that there exists between a lawyer and his client a fair dispute, which can be decided only on the settlement of doubtful questions of fact or law, the court should not exercise its summary power, but should

leave the parties to their ordinary remedies." That rule has been recognized by this court in *Peirce* v. *Palmer*, 31 R. I. 432, p. 445: "But the principles which govern the action of the court in those cases are equally applicable to any case where a summary order is sought. They arise from the nature of the proceeding. The court, in the exercise of its control over attorneys, will not suffer a manifest injustice on the part of such officers to go uncorrected, and at once, in such a case, without requiring the injured party to resort to the ordinary procedure of the courts, this court will direct its officers to take such action, or to make such payment as justice plainly requires. It makes no difference whether the money has been collected by the attorney for the benefit of the client or whether, as in this case, it has been placed in the hands of the attorney by the client for a specific purpose. If it is beyond reasonable question that there has been misconduct on the part of the attorney in retaining the money, the court will promptly make an order for its payment. But, alike in all cases, for the client to be given this extraordinary relief it must be clear that there has been an injustice done to him. In all cases the client has relief in the ordinary tribunals for the determination of legal controversies, and when his right to have a summary order can be reasonably questioned he must be referred to these ordinary remedies, whatever be the nature of the controversy."

The petition is denied and dismissed.

*Edward L. Singsen*, for complainant.

*James A. Williams*, pro se ipso.

