JAMES COMERFORD *vs.* WEST END STREET RAILWAY COMPANY.

Middlesex.   November 27, 1894. — June 19, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Slander by Corporation — Defective Count — Discharge of Servant by Employer — Defamatory Words — Variance.*

If a count of a declaration in an action of tort for an alleged slander of an employee of the defendant corporation is to be construed as a count for discharging the plaintiff from its employ under such circumstances as to impute to him a charge of dishonesty, it must fail, as an action of tort does not lie against an employer for discharging a servant; nor can it be maintained as a count for slander, if no words are set forth.

Even if, in an action of tort for an alleged slander of an employee of the defendant corporation, the words uttered by the defendant's superintendent can be considered defamatory, the action cannot be maintained if there is a variance between the allegations and the proofs.

Whether a corporation is liable for slanderous words uttered by an agent or servant in the course of the business in which he is employed, *quære.*

TORT, for slander.   Trial in the Superior Court, before *Mason,* C. J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.   The facts appear in the opinion.

*J. W. Pickering,* for the plaintiff.

*W. B. Sprout,* for the defendant.

LATHROP, J.   In *Fogg* v. *Boston & Lowell Railroad,* 148 Mass. 513, it was held that "a corporation is liable in damages

for the publication of a libel, as it is for its other torts "; and it was said, " To establish its liability, the publication must be shown to have been made by its authority, or to have been ratified by it, or to have been made by one of its servants or agents in the course of the business in which he was employed." See also *Howland* v. *Blake Manuf. Co.* 156 Mass. 543.

Of course, if slanderous words are shown to have been uttered by the authority of a corporation, or to have been ratified by it, the corporation is liable; but if they are uttered by an agent or servant in the course of the business in which he is employed, it is at least questionable whether the corporation is liable. We are aware of no case in which this has been held. For the purposes of this case, we assume, without deciding, that the rule is the same in slander as in libel.

We proceed to consider the counts relied upon at the trial. These are the third, fourth, and fifth. The third count sets forth the circumstances under which the alleged slander was uttered, among which are that the plaintiff was a starter in the defendant's employ, part of whose duty it was to hand transfer checks to persons leaving the defendant's cars at Allston, which entitled them to ride in other cars of the defendant to certain points in and beyond Allston, and alleges that the defendant, " falsely and wickedly pretending that the plaintiff had illegally appropriated, embezzled, stolen, and converted to his own use a quantity of said checks, and that the same was the ground of his said discharge, publicly, falsely, and maliciously accused the plaintiff of the crime of larceny, by words spoken of the plaintiff in relation to his said discharge, substantially as follows: ' He is discharged from the employ of this company for the misuse of checks.' "

The fourth count alleges that, under the circumstances set forth in the third count, " and at the time of discharging him, as therein set forth, the defendant publicly, falsely, and maliciously accused the plaintiff of the crime of embezzlement, by words spoken of the plaintiff in relation to his said discharge, substantially as follows: ' He is discharged from the employ of this company for the misuse of checks.' "

The fifth count alleges that, under the circumstances set forth in the third count, the defendant wantonly and recklessly dis-

missed and discharged the plaintiff from its employ, and falsely and publicly charged him with being dishonest therein.

The answer is a general denial, and we assume, in favor of the plaintiff, that the defence that what was said was a privileged communication was not open on the pleadings. *Goodwin* v. *Daniels*, 7 Allen, 61. The case does not fall within the rule laid down in *McLaughlin* v. *Cowley*, 127 Mass. 316, and *Howland* v. *Blake Manuf. Co.* 156 Mass. 543, 567.

The fifth count may be considered first. If it is to be construed as a count for discharging the plaintiff from its employ under such circumstances as to impute to him a charge of dishonesty, the count must fail. An action of tort does not lie against an employer for discharging a servant. Nor can it be maintained as a count for slander, for no words are set forth.

The plaintiff was not entitled to go to the jury on the third and fourth counts. The words alleged are: " He is discharged from the employ of this company for the misuse of checks." At the first interview between the superintendent and the plaintiff, no one else was present, and for what was then said the plaintiff cannot maintain an action of slander, even if the words were defamatory, which we do not mean to imply. The superintendent was then asked to wait until the plaintiff could bring one Roberts there. The superintendent waited and Roberts was brought. After some conversation in which nothing was said against the plaintiff, he asked the superintendent what his authority in the matter was, and the superintendent said, " I have authority to discharge you both for misuse of checks." The plaintiff answered, " Thank you, I have no further use for you."

If these words uttered by the superintendent can be considered defamatory, which we do not intend to imply, they are not in substance those alleged. It is not the same thing, in substance, to say, " I have authority to discharge you both for misuse of checks," as to say, " He is discharged from the employ of this company for the misuse of checks." There was, therefore, a variance between the allegations and the proofs.

*Exceptions overruled.*