W. A. REDDITT v. SINGER MANUFACTURING COMPANY.

(Decided March 7, 1899).

*Corporations—Torts of Agents—Slander—Damages.*

1. A corporation is now held liable to civil and criminal actions under the same conditions and circumstances as natural persons are.

2. A corporation is liable for the misconduct of its agents, in the line of their duty, if they act under the express or implied authority of the company, or their tortious acts are ratified, as by taking the benefit of such misconduct.

3. When liability is established and the circumstances are aggravating or malicious, the company is subject to punitive damages on the same principles that natural persons are.

4. As necessary to establish liability on the part of the company, the principle is generally recognized, that in some way the company must authorize or approve the tortious act of its agent, and that it would be unreasonable to hold the company liable on a bare presumption, in the absence of allegation or proof of authorization or ratification, express or at least implied, of acts done by an agent within the course and scope of his employment. This principle would seem to be applicable to corporations, both private and *quasi* public, and upon proper proof, both are liable for torts, including libel and slander.

CIVIL ACTION, tried before *Hoke, J.,* at Fall Term, 1898, of PAMLICO Superior Court, to recover damages on account of slanderous words alleged to have been spoken concerning the plaintiff by defendant, through its agents, Armstrong and Cole. The words alleged in the complaint are:

"I am going to have him arrested at once for larceny." "We intend to have him arrested at once for larceny." "Redditt has been stealing," meaning thereby to charge that plaintiff had stolen the property of the defendant and to charge him with larceny.

The circumstances under which the words were spoken, and the charge of his Honor, excepted to by the defendant, are stated in the opinion. At the close of plaintiff's evidence, there was a demurrer and motion to dismiss, on part of defendant, which were overruled by the Court, and defendant excepted.

Verdict and judgment for $700 for plaintiff. Appeal by defendant.

*Messrs. Osborne, Maxwell & Keerans,* and *D. L. Ward,* for defendant (appellant).

*Messrs. Shepherd & Busbee,* for plaintiff.

FAIRCLOTH, C. J.

DOUGLAS, J., concurring with some qualifications, and CLARK and MONTGOMERY, J.J., concur in the concurring opinion of DOUGLASS, J.

The defendant is a corporation in the State of Virginia, manufacturing sewing-machines, and has a State agent and sub-agents in North Carolina, and the plaintiff was one of the agents for selling the machines. The defendant's State agent was directed by the defendant to take possession of the machines in plaintiff's hands and to have a settlement with plaintiff and collect the amount due by plaintiff for machines already sold. The agent brought an action of claim and delivery for the machines, and they were delivered, and pending negotiations in making the settlement the plaintiff alleges that said agent used and uttered slanderous words of and concerning the plaintiff, and he institutes this action for damages, against the defendant corporation, resulting from the utterance of such slanderous words by said agent. There is no allegation nor any proof that said slanderous words were spoken by the authority or consent of the defendant, or that they have been ratified.

At the close of the plaintiff's evidence the defendant demurred and made a motion to dismiss the action, on the ground that the defendant is not liable for damages for the alleged slanderous words of its agent. The motion was refused and exception entered.

The Court charged the jury that "a corporation is responsible for slanderous words uttered by its agent in the course and scope of such agent's employment, and in aid of the company's interest." Exception.

This charge presents the decisive question in this case.

An examination in detail of the numerous authorities and decisions would be a tedious undertaking, and it may be remarked that a careful examination into the facts in each would reconcile many apparent conflicts. It is a fundamental principle that the law shall fit the facts in every case. A few general propositions may be stated:

1. That a corporation, contrary to the early cases, is now liable to civil and criminal actions under the same conditions and circumstances as natural persons are.

2. That, as a corporation must do business through agencies, it is liable for the misconduct of its agents, in the line of their duty, if they act under the express or implied authority of the company, or their tortious acts are ratified, as by taking the benefits of such misconduct.

3. That when liability is established and the circumstances are aggravating or malicious, the company is subject to punitive damages, on the same principle that natural persons are.

From our examination we think, in a vast majority of the cases, that the principle is recognized that in some way the company must authorize or approve the tortious act of its agent, and that it would be unreasonable to hold the company liable on a bare presumption, in the absence of allegation or any proof of authority or ratification.

If A sends his servant down town to purchase goods, and in the act of purchasing the servant should slander, by words, or assault the merchant, it would be a violent presumption that the master approved or had authorized such misconduct, and it would be unreasonable to hold him responsible without something indicating his approval. The principle which we approve is well stated in *State v. Railroad,* 23 N. J. Law, 369: "If a corporation has itself no hands with which to strike it may employ the hands of others; and it is now perfectly well settled, contrary to the ancient authorities, that a corporation is liable *civiliter* for all torts committed by its servants or agents by authority of the corporation, express or implied. The result of the modern cases is that a corporation is liable *civiliter* for torts committed by its servants or agents, precisely as a natural person, and that it is liable as a natural person for the acts of its agents done by its *authority,* express or implied, though there be neither a written appointment under seal nor a vote of the corporation constituting the agency or authorizing the act." This view is cited and approved in *Denver Railway v. Harris,* 122 U. S., 608, and cases referred to.

*Hussey v. Railroad,* 98 N. C., 34, was on demurrer, and looking at the opinion (not the syllabus) we see nothing in conflict with the view we are taking.

In some respects the present case is similar to *Daniels v. Railroad,* 117 N. C., 592, but not so in all respects. That was an action against a common carrier, owing important duties to the public, subject to the demands of the public, within the range of its chartered duties, and the defendant was held to a strict discharge of its duties as such carrier, on the ground of public policy.

In the present case the defendant is a private corporation, owing no duty to the public, on whom the public can make

no demand. It may make and sell machines at its own will and pleasure. The public has and feels no more interest in the manner of its business transactions than in that of any other individual business enterprise.

We think there was error in law, and this makes any further discussion unnecessary.

Error.

DOUGLAS, J., concurring:—While I concur in the judgment of the Court, I can not concur in the possible inference that a private corporation can not be guilty of libel; nor do I see any material difference in that respect between a private and *quasi* public corporation. It is true the latter owes to the public certain special duties, such for instance as the protection of its passengers by a common carrier; but these duties and consequent liabilities come under an entirely different principle. I think this distinction is clearly drawn, and the essential principles fully recognized, in *Hussey v. Railroad,* 98 N. C., 34, and in *White v. Railroad,* 115 N. C., 631, 636. The citation in the opinion of the Court from *State v. Railroad,* 23 N. J. Law, 369, cited with approval in *Denver R. Co. v. Harris,* 122 U. S., 597, 608; *Hussey v. Railroad, supra,* and *White v. Railroad, supra,* lays down the general principle applicable to all corporations, that a corporation is civilly liable, precisely as a natural person, for torts committed by its servants or agents by its authority, express or *implied.* It seems to me there must be at least *implied* authority for all acts done by an agent "within the course and scope of his employment." For this reason I am not prepared to say that it was error in the court below to charge that "a corporation is responsible for slanderous words uttered by its agent in the course and scope of such agent's employment and in aid of the company's in-

terest." I see no error in it, as far as it goes. If a corporation or individual should place in the hands of an agent a claim for collection, with a false statement showing the alleged debtor guilty of embezzlement, and such agent should, on the authority of such statement, charge the debtor with felony, I do not see why the principal should not be liable. Again, if the corporation should place in the hands of its agent a claim, with instructions to enforce its payment by threats of criminal prosecution, I think it would be liable for false accusations made by its agent in pursuance of such instructions. Of course, in both instances this view is based upon the general liability of the corporation regardless of its right of possible justification.

Under all the circumstances of this case, which it is unnecessary for me to review at length in a concurring opinion, I assent to a new trial, when the facts can be more fully developed and the law perhaps more clearly applied, but I do not wish to be bound by an apparent concurrence in principles that do not meet my approval.

CLARK and MONTGOMERY, J.J., concur in the concurring opinion of DOUGLAS, J.