MILDRED P. MILLS *vs.* W. T. GRANT COMPANY.
RUTH E. GODFREY *vs.* SAME.

Essex. November 11, 1918. — June 16, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Libel and Slander*, Liability of corporation for slander of employee. *Corporation*, Liability in tort.

A corporation is liable for slanderous words uttered by one of its servants in the course of his employment.

TWO ACTIONS OF TORT against the W. T. Grant Company, a corporation conducting a retail store in Lynn. Writs dated February 3, 1916.

Each declaration contained three counts, the first alleging assault, the second false imprisonment and the third slander. In each of the cases the third count was as follows: "The plaintiff says that on or about the fourth day of December, 1915, the agents or servants of the defendant, thereunto duly authorized and in control of the defendant's store situated on Union Street in said Lynn, publicly, falsely and maliciously charged the plaintiff with the crime of larceny by words spoken of the plaintiff substantially as follows: — 'You stole those beads; you took those beads from this store and you know it; you have taken things from this store;' to the damage of the plaintiff in the sum stated in her writ herein."

In each case the answer was a general denial.

In the Superior Court the cases were tried together before *Shattuck*, J. The evidence under the third count is described in the opinion. At the close of the evidence the defendant filed a motion that a verdict be ordered in its favor on the third count, stating in support of its motion the following grounds:

"1. There is no evidence from which the jury could properly find that the defendant authorized its employees to commit the acts complained of.

"2. There is no evidence from which the jury could properly find that the defendant ratified the acts of its agents upon which this action is based."

The judge denied the motion. The defendant then asked the judge to instruct the jury, among other things, as follows:

"3. The defendant is not liable under the count for slander unless the jury find either that the defendant authorized its servants to commit the acts complained of, or that it ratified said acts."

"8. If the jury find that the words set forth in the third count of the plaintiff's declaration were published by the servants of the defendant, the defendant is not liable in the absence of evidence tending to show that said words were uttered by the authority of the defendant corporation or that said corporation had ratified such acts of its servants.

"9. The mere fact that slanderous words were published by an agent or servant of the defendant in the course of his employment, and in reference to the plaintiff, is not sufficient to hold the defendant liable. *Comerford* v. *West End Street Railway*, 164 Mass. 13."

The judge refused to give any of these instructions, and as to the alleged slander gave to the jury the instruction which is quoted in the opinion.

On the third count the jury returned a verdict for the plaintiff Mills in the sum of $400 and a verdict for the plaintiff Godfrey in the sum of $50. In each of the cases the defendant alleged exceptions to the denial by the judge of its motion to order a verdict in its favor on the third count, to the refusal of the judge to give the instructions requested by it as stated above and to the instruction of the judge which is quoted in the opinion. After

the death of *Shattuck,* J., the exceptions were allowed by Quinn, J.

The cases were submitted on briefs.

*C. N. Barney & W. A. Bishop,* for the defendant.

*J. W. Sullivan,* for the plaintiffs.

Loring, J. These are two actions of slander by different plaintiffs against the same defendant. The cases were tried together. In each case the plaintiff had a verdict. The facts were in substance these: The plaintiffs went to the defendant's store in Lynn to buy Christmas presents. After they had left the store they were followed by one Flora Lipkin employed by the defendant "as a store detective" to "assist in pointing out people who were a 'cause for the enormous shortage in the store'; that she was supposed to watch anybody who 'grabbed anything out of the store without paying for it' and to inform the manager thereof; that it was her business to know whether people had taken anything from the store or not." "At Lipkin's request the plaintiffs returned with her to the store of the defendant and were brought by her to . . . Baldwin, manager of the store; whereupon Lipkin, in the presence of others, accused the plaintiffs' of having stolen some beads from a counter in the store, in substantially the words set out in the plaintiff's declaration; and the manager, Baldwin, reiterated the charge against the plaintiffs and made further talk in which he endeavored to induce the plaintiffs to return the beads, which they denied having. The evidence as to the nature of the employment of Baldwin was that he was the manager of the store; that he was in charge there and that there was nobody higher in authority at that time in that particular store." The defendant moved for a verdict in its favor as matter of law and asked for the three rulings which are printed on page 141. The presiding judge instructed the jury that: "The defendant, of course, as a corporation can only do anything through agents or servants, and if these agents or servants of this corporation were doing this in the course of their employment, which is for you to find whether or not they were, then the corporation is responsible." The cases are here on exceptions taken to the refusal of the judge to direct a verdict for the defendant, to his refusal to give the rulings asked for, and to the instructions on the point given in the charge to the jury.

The question raised by these exceptions is a question which was left open by this court in *Comerford* v. *West End Street Railway*, 164 Mass. 13, 14, *Kane* v. *Boston Mutual Life Ins. Co.* 200 Mass. 265, 269, and *Economopoulos* v. *A. G. Pollard Co.* 218 Mass. 294, 297.

In *Comerford* v. *West End Street Railway, ubi supra,* it was said: "Of course, if slanderous words are shown to have been uttered by the authority of a corporation, or to have been ratified by it, the corporation is liable; but if they are uttered by an agent or servant in the course of the business in which he is employed, it is at least questionable whether the corporation is liable. We are aware of no case in which this has been held." This question was left open (in *Comerford* v. *West End Street Railway*) because of the statement on the point made by Mr. Odgers in his treatise on Libel & Slander published in 1881. This is apparent from the defendant's brief among the original papers in that case. Mr. Odgers' statement (at page 368, 1st ed.) is: "A corporation will not, it is submitted, be liable for any slander uttered by an officer, even though he be acting honestly for the benefit of the company and within the scope of his duties, unless it can be proved that the corporation expressly ordered and directed that officer to say those very words: for a slander is the voluntary and tortious act of the speaker." In the second edition of his book, (published in 1890, five years before the decision in *Comerford* v. *West End Street Railway*) Mr. Odgers repeated the statement made in the first edition with the omission of the concluding words: "for a slander is the voluntary and tortious act of the speaker," and that statement was repeated in the third edition of his work. There are statements in 18 Am. & Eng. Encyc. of Law (2d ed. published in 1901) 1059, and in 10 Cyc. (published in 1904) 1216, substantially to the same effect.

Townshend on Slander & Libel also is relied on by the defendant in the case at bar. In the first edition (published in 1868) at page 360, Mr. Townshend makes this statement: "As a corporation can act only by or through its officers or agents (§ 261) and as there can be no agency to slander (§ 67), it follows that a corporation cannot be guilty of slander; it has not the capacity for committing that wrong. If an officer or an agent of a corporation is guilty of slander, he is personally liable and no liability results

to the corporation." The same statement is repeated in the second edition (published in 1872) at page 459 and again in the fourth edition (published in 1890) at page 474. It is to be observed that . the proposition laid down by Mr. Townshend is quite different from that originally laid down by Mr. Odgers in substance repeated in 18 Am. & Eng. Encyc. of Law (2d ed.) 1059, and in 10 Cyc. 1216. The proposition laid down by Mr. Townshend is that laid down by Lord Bramwell in *Abrath* v. *North Eastern Railway,* 11 App. Cas. 247, 253, 254. When that proposition was stated by Lord Bramwell in that case it was not concurred in by the Lord Chancellor, Lord Watson or Lord FitzGerald who sat . with him at that time. It never became the law of England. See Lord Lindley in *Citizens' Life Assurance Co. Ltd.* v. *Brown,* [1904] A. C. 423, 426. It is not the law of this Commonwealth. *Reed* v. *Home Savings Bank,* 130 Mass. 443. Moreover the statement made by this court in *Comerford* v. *West End Street Railway, ubi supra,* page 14, is a statement that that proposition is not law here. In that statement this court said: "Of course, if slanderous words are shown to have been uttered by the authority of a corporation, or to have been ratified by it, the corporation is liable."

The distinction put forward originally by Mr. Odgers, (namely, that, although a corporation is liable in slander if the stockholders or directors of the corporation expressly authorize the slanderous words or subsequently ratify them, yet it is not liable if they are uttered by an agent or servant in the course of his employ) was abandoned by him in the end. In the fourth edition of Odgers, Libel & Slander (published in 1905) that statement was omitted. The omission without doubt was due to the decision of the Privy Council in *Citizens' Life Assurance Co. Ltd.* v. *Brown, ubi supra.* Having reference to that case Mr. Odgers (in the 4th ed. at page 553) said: "It has now been decided that a corporation may be rendered liable for words published on a privileged occasion, by proving malice in its servant who published them, provided the servant was acting within the scope of his employment (*Citizens' Life Assurance Co. Ltd.* v. *Brown,* [1904] A. C. 423; 73 L. J. P. C. 102; 90 L. T. (N. S.) 739; 20 T. L. R. 497)" and the statement here in question made by Mr. Odgers in the earlier editions of his work was omitted.

A corporation being an artificial being can act only by stockholders, officers, agents or servants. It is now settled (contrary to the opinion of Lord Bramwell in *Abrath* v. *North Eastern Railway*, 11 App. Cas. 247, 253, 254) that a corporation can be made liable for a malicious act on proof which would make an individual liable therefor. It necessarily follows that a corporation is liable in slander if slanderous words are uttered by an officer, agent or servant of a corporation in the course of his employment as well as when slanderous words are uttered by the direct authority of the stockholders or directors. Whether in an individual case action is taken in behalf of a corporation by stockholders or directors or by an officer, agent or servant in the course of his employment is immaterial. In each case the corporation is liable because the act is done by a natural person acting for the corporation.

The reason for the distinction originally put forward by Mr. Odgers and left open in *Comerford* v. *West End Street Railway*, originally was stated to be: "for a slander is the voluntary and tortious act of the speaker." But in the ordinary case where a corporation is liable for an act done by an agent or employee in the course of his employment, the act of the agent or servant (for which the corporation is liable because it was done in the course of his employment) is a voluntary act. There may be cases in which the act of a servant for which the master is liable is an involuntary act on the part of the servant. But ordinarily the act of the servant for which the master is liable (because it is an act in the course of the servant's employment) is the voluntary act of the servant. Even when the act is intended by the servant to violate the rights of the plaintiff the master is liable if it is done to carry out the duty owed by the servant to his master. *Howe* v. *Newmarch*, 12 Allen, 49. The fact that the act of uttering the slanderous words uttered by an agent or servant of a corporation in the course of his employment is a voluntary one is no reason for holding that the corporation is not liable therefor.

It seems to have been in the mind of those who have put forward the distinction originally put forward by Mr. Odgers, that such a wrong as a slander cannot in fact be committed by an agent in the course of his employment whether the master is a natural person or a corporation. But that is not so. The case at bar is perhaps as good an instance to the contrary as could

be found. It was in evidence in the case at bar that Mrs. Lipkin was employed "as a store detective . . . to assist in pointing out people who were a 'cause for the enormous shortage in the store'; that she was supposed to watch anybody who 'grabbed anything out of the store without paying for it' and to inform the manager thereof; that it was her business to know whether people had taken anything from the store or not." If Mrs. Lipkin in the performance of that duty thought that the plaintiffs had stolen the beads which she thought they had stolen, the jury were warranted in finding that it was her duty to accuse them of the theft "to induce the plaintiff to return the beads."

The weight of authority is in favor of the ruling made by the presiding judge in the case at bar. There is but one decision of a final court of appeal in favor of the proposition originally put forward by Mr. Odgers, namely, *Behre* v. *National Cash Register Co.* 100 Ga. 213. In addition to that there is a statement to that effect in *Singer Manuf. Co.* v. *Taylor*, 150 Ala. 574, 577, 578. But the statement made in that case was not necessary to the decision there made. In that case the agent and the corporation were sued jointly and the statement as to the law of slander (originally put forward by Mr. Odgers) was put forward after the case had been decided on the ground that "the offense of slander is essentially single, differing in this respect from libel." On the other hand it was laid down by the House of Lords in *Glasgow Corp.* v. *Lorimer,* [1911] A. C. 209; *S. C. sub nom. Riddell* v. *Glasgow Corp.* [1910] Sess. Cas. 693, that a corporation is liable for words spoken by a servant in the course of his employment. In that case it was held that the words were not uttered in the course of the agent's employment and for that reason the corporation was held not to be liable. It is the settled law of New Jersey (*Empire Cream Separator Co.* v. *De Laval Dairy Supply Co.* 46 Vroom, 207), Ohio (*Citizens Gas & Electric Co.* v. *Black*, 95 Ohio St. 42), Minnesota (*Roemer* v. *Jacob Schmidt Brewing Co.* 132 Minn. 399) and North Carolina (*Redditt* v. *Singer Manuf. Co.* 124 N. C. 100, by a divided court of three to one; see also *Sawyer* v. *Norfolk & Southern Railroad*, 142 N. C. 1), that a corporation is liable for slanderous words uttered by one of its servants in the course of his employment. There is a decision by the Circuit Court of Appeals for the Fourth Circuit (*Grand Union Tea Co.* v. *Lord,*. 231 Fed.

Rep. 390) to the same effect. And it was so laid down in *Hopkins Chemical Co.* v. *Read Drug & Chemical Co.* 124 Md. 210, 212–215; in that case the words uttered were not slanderous *per se* and there being no allegation of special damage the demurrer was sustained.

Moreover we are of opinion that no distinction can be made in this respect between libel and slander. It was decided in *Fogg* v. *Boston & Lowell Railroad,* 148 Mass. 513, that a corporation is liable for libel where it is proved that the libel was written by a servant or agent of the corporation in the course of the business in which he was employed. See also *Howland* v. *Blake Manuf. Co.* 156 Mass. 543; *Hill* v. *Murphy,* 212 Mass. 1, 4.

It follows that the ruling made by the presiding judge in his charge to the jury was right, the rulings asked for were wrong and that the exceptions must be overruled.

*So ordered.*