Henchey, J.
This is an action in tort. The declaration contains two counts, one for slander and one for false arrest. The defendant’s answer was a general denial. While the report does not expressly so state, it is clear from the docket entries that the trial judge found for the defendant and the case comes before us on the plaintiff’s objection to certain of the trial judge’s rulings and also to his refusal to rule as requested by the plaintiff.
The plaintiff, a graduate of the Salem Public Schools, had served in the U. S. Navy, being honorably discharged with an ensign’s rating. The defendant admits that his character and reputation for veracity and honesty were of the highest. On May 30, 1.936, he was employed by the Hotel Essex of Boston as an auditor, assigned to night work. On the morning of May 30th he came to Salem to participate in a Memorial Day parade. Later he spent some time at a Polish Club and, at about 6:00 p. m. left for *483 Boston on a bus operated by the defendant company. It was agreed that the bus driver was in the employ of the defendant. He offered the driver a counterfeit half-dollar which the driver noticed, called to his attention and returned to him. The plaintiff then tested the coin by dropping it on the floor, noticed that it had no ring, pocketed it and paid his fare with good money. He then took a seat in the bus and slept most of the way to Boston.
At Bast Boston, the plaintiff awoke and discovered that the bus was at an unusual stopping place, near a small store just outside the entrance to the Sumner Tunnel. He saw the driver come out of the store, board the bus, close the door and then come down to him and placed his hand on him, stating: “You are under arrest for passing counterfeit money.” The bus was fairly well filled when this occurred. The plaintiff was too shocked to say anything; he could not leave the bus, which was proceeding towards Boston. At Boston, the bus was met by Sergeant McFarland and two other officers from the Boston Police Department. The Sergeant boarded the bus, the driver pointed out the plaintiff and the plaintiff was taken to the police station, booked, searched, questioned at length and later released.
The plaintiff became disturbed over the incident, and later became sick and was under the care of a doctor and lost some time from, work.
Sergeant McFarland testified that someone called the police station stating that a man with counterfeit coins was on a bus due through the Sumner Tunnel; that he did not receive the call himself, but went with two other officers and stopped the first bus to come through the tunnel; that he alone boarded, asked the driver who had the counterfeit coins and as a result of his conversation with the bus driver, he took the plaintiff off the bus; that the driver did not *484 point out the plaintiff, that the plaintiff offered no resistance, was not mistreated, and was later released after being relieved, of the counterfeit coin, which, in his opinion, was a fairly good representation and might fool the ordinary unsuspecting person.
One Connolly, a U. S. Secret Service Agent, testified that his office was notified by the Boston Police and replied that the man was not to be held for them since he had only one coin. He also testified that the coin in question was a “fair representation,” and that in his opinion, (he being an expert on counterfeit money), the coin could be passed by an ordinary person, unknowingly.
At the close of all the evidence the plaintiff moved for “a finding for the plaintiff, on all the evidence.” This motion was denied. Thereupon the plaintiff made six requests for rulings, the following three of which were denied:
4. The defendant corporation is liable because the acts both of slander and false arrest are done by a natural person, acting for the corporation. (Denied “as framed.”) 5. That upon all the evidence a finding is warranted that the police officers acted as the agents of the defendant. 6. ■ That upon all the evidence a finding is warranted that the agent and employee of the defendant, acting within the scope of his authority, without reasonable cause and maliciously set in motion the train of causation which naturally and proximately resulted in the arrest of the plaintiff.
The defendant also filed seven requests for rulings, all of which were allowed.
Other than the above rulings there was no other finding of facts by the trial judge.
The practice of making a general finding for the defendant, without incorporating therein some findings of facts is not to be recommended. It would seem that the plaintiff is entitled to know the reasons for the finding and rulings against him. Indeed it has been said, with refer *485 ence to the denial of requests for rulings, without any accompanying memorandum of facts found, that unless the grounds for denial are distinctly stated or plainly appear and show that no harm has been done by the denial, the rights of the party making such requests have been damaged. John Hetherington & Sons, Ltd. vs. Wm. Firth Co., 210 Mass. 8; Bresnick vs. Heath, 292 Mass. 293.
Thus, in the instant case, were it not for the fact that the reasons the rulings of the trial judge can be discovered after a study of both sets of requests, we would be compelled to conclude that the rights of the plaintiff were not adequately protected by the trial judge.
It must be clear that the plaintiff’s motion for a finding in his favor was in effect a request for a ruling “upon all the evidence.” Under the Rules of District Court, 1932, (Rule XXVU), the plaintiff is not entitled as of right to a review of a refusal of this request. That it must be considered as a “request” and not as a “motion” is evident, for the rules of practice do not provide for such motions in the district Courts, as they do in the Superior Courts.
It is clear from the allowance of the plaintiff’s first three requests that the trial judge understood the principles of law involved in the instant case. The plaintiff’s fourth request was properly denied for it did not state any rule of law accurately. The defendant corporation would be liable in slander, for example, if slanderous words were uttered by an agent of the corporation in the course of his employment. Mills vs. W. T. Grant Co., 233 Mass. 140. This is somewhat different from the proposition stated in Plaintiff’s Request No. 4.
Requests No. 5 and 6, made by the plaintiff, were in effect requests for findings of fact, which the trial judge was not obliged to grant. H. C. Dusenherry Inc. vs. Import Drug Co., 253 Mass. 368; DiLorenzo vs. Atlantic National Bank, 278 Mass. 321.
*486 Nor can we find any error in the trial justice’s granting of the defendant’s requests. Whether the bus driver was moved by proper motives and for reasonable causes were questions of fact. Mason vs. Jacob, 235 Mass. 521. The conclusions of the trial judge are not unwarranted on the facts as reported. Further the trial judge must have concluded that there was not sufficient evidence to link the defendant company with the plaintiff’s detention.
Whether or not the bus driver acted within the scope of his authority is perhaps a close question. If he did not, then the defendant company is not liable; if he did, then liability attaches to the defendant. Mills vs. W. T. Grant Co., 233 Mass. 140. Our decided eases are many and varied. In one instance our courts have upheld a finding for a plaintiff who was injured while an employee of a railroad company was removing a drunken man from a railroad station, (Gray vs. Boston & Maine R. R. Co., 168 Mass. 20), and oh the opposite side, it has been held that a brakeman on a freight train had no authority to remove a trespasser on the freight train, (Harrington vs. Boston & Maine. R. R. Co., 213 Mass. 338). In the instant ease, we will agree that the bus driver was not acting within the scope of his authority when he accused the plaintiff and called the police. Unquestionably, he acted in good faith and in the interests of stopping the circulation of counterfeit coins, but in so doing he acted more as a law abiding citizen than as the agent of the defendant and in the pursuit of the defendant’s business. Public policy would seem to be best served by this conclusion in such cases as this. While much can be said for the contentions of both sides in the instant ease, which is wrought with real difficulties, we come to the conclusion that the plaintiff suffered no prejudicial error.
Report dismissed.