EDWARD R. RICCI *vs.* PHILIP J. CROWLEY.

Middlesex.    May 5, 1955. — July 1, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Libel and Slander.    Public Officer.    Words, "For the good of the service."*

Words which in themselves are incapable of a defamatory meaning cannot be given such a meaning by an innuendo.

A publication by the mayor of a city that an appointive member of its board of appeals was removed from his position "for the good of the service" was incapable of a defamatory meaning and as a matter of law was not libellous.

TORT.    Writ in the Superior Court dated January 20, 1955.

The action was heard by *Morton, J.,* on demurrer.

*Joseph Bosco & Antonino F. Iovino,* for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

COUNIHAN, J.    This is an action of tort for libel against the defendant "as he is the mayor of the city of Everett." The declaration is in four counts and is based upon the removal in writing by the defendant of the plaintiff from his appointive position as a member of the board of appeals of Everett "for the good of the service." The action comes here upon an appeal by the plaintiff from an order of a judge sustaining a demurrer to the declaration. There was no error.

The plaintiff contends that the publication by the defendant that the plaintiff was removed "for the good of the service" is libellous and he further asserts that the publication was done with malice. This court however has said, "Words that are not derogatory do not become libels because published maliciously." *Colby Haberdashers, Inc.* v. *Bradstreet Co.* 267 Mass. 166, 171.

The sole question for us to decide then is whether these words in and of themselves can be reasonably understood in a defamatory sense or are capable of a defamatory meaning. "The test is whether, in the circumstances, the writing discredits the plaintiff in the minds of any considerable and respectable class of the community. A publication is defamatory when it tends to injure one's reputation in the community and to expose him to hatred, ridicule, and contempt, an imputation of crime or of bad character or an injury in one's office or business not being essential." *Muchnick* v. *Post Publishing Co.* 332 Mass. 304, 305–306, and cases cited.

The plaintiff in each count by way of innuendo asserts in substance that "The defendant thereby intended with malice to publish the following meaning concerning the plaintiff's removal, namely; that he was dishonest, had committed things wrongful, criminal and improper, that . . . he was a corrupt individual who resorted to demands and receipts of bribes and extortions . . . ." But "The innuendo . . . cannot add anything to the meaning of the words." *Colby Haberdashers, Inc.* v. *Bradstreet Co.* 267 Mass. 166, 170.

The words "for the good of the service" have come to have an accepted meaning and are not infrequently used by executives in all branches of government service when the occasion arises for the removal of an appointive officer. They are not defamatory. "This is the same language employed in the notice of removal considered in *Ayers* v. *Hatch,* 175 Mass. 489, a case concerning the removal by the mayor of a member of the board of assessors of the same city. The court there said (page 492): ' . . . the cause assigned was "the good of the service," and manifestly it seems to us, that was good ground for removal. The natural inference would be that in some respect the petitioner had failed to perform his duties or was incompetent or inefficient, or was an unsuitable person for the position to which he was appointed.'" *Ray* v. *Mayor of Everett,* 328 Mass. 305, 309. The defendant as mayor may have well determined

for many reasons, none of which reflected upon the character or probity of the plaintiff, that another, perhaps more qualified, could do a better job for the city. Nothing defamatory may be inferred from the use of such words.

*Order sustaining demurrer*
*affirmed.*