MARY M. PERRY *vs.* E. ANTHONY & SONS, INCORPORATED

Bristol.  May 3, 1967. — July 6, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Libel and Slander.  Pleading, Civil,* Declaration, Demurrer.

A demurrer to the declaration in an action for libel should not be sustained unless the published words are not reasonably capable of any defamatory meaning.  [113–114]

Newspaper articles stating that the plaintiff in an action for libel in a Federal court seeking a large amount of damages had "accepted a judgment of $1" and thus terminated the action were incapable of a defamatory meaning and as a matter of law were not libellous even when read with an alleged innuendo that the plaintiff had been paid a substantial sum by the defendant, whereupon an agreement for judgment for $1 had been filed, and that the newspaper articles would lead readers to believe that the action had been without merit.  [114]

TORT.  Writ in the Superior Court dated August 12, 1966.

A demurrer was heard by *Smith,* J.

*Christopher H. Worthington* for the plaintiff.

*William H. Carey* for the defendant.

KIRK, J.  The plaintiff appeals under G. L. c. 231, § 96, from an order of a judge of the Superior Court sustaining the defendant's demurrer to the plaintiff's declaration in two counts in an action of tort for libel.  Several grounds of demurrer were stated, including an averment that the matters alleged "are not sufficient in law to allow the plaintiff to maintain her action."

The defendant publishes two daily newspapers, The Standard-Times and the Cape Cod Standard Times. Count one is based on matter published in The Standard-Times as follows:

"NORTH TRURO WOMAN WINS LIBEL JUDGMENT

### Special to the Standard-Times

Boston, Sept. 2 — Mrs. Mary M. Perry of North Truro accepted a judgment of $1 in U.S. District Court yesterday in her $100,000 libel suit against the Hearst Corporation. The entry of the judgment terminated the case.

It was alleged in the complaint that the Boston American published erroneous information regarding the investigation of the death of the plaintiff's husband George Perry, 39. He died in 1962 from arsenic poisoning. The case had been pending before Judge Francis J. W. Ford."

Count two is based on matter published in the Cape Cod Standard Times which is identical with that set out in count one with the exceptions that the heading reads "$1 Libel Judgment is Accepted," the date is September 3, and there is no statement "Special to the Standard-Times." In both counts it is alleged that the publication was malicious; and by way of innuendo it is also alleged that the plaintiff did not accept a judgment of $1; that an agreement for judgment for $1 was filed after she had accepted and received $25,000 from the Hearst Corporation; that the $25,000 was in settlement of a libel action by the plaintiff against the Hearst Corporation which had implied in a news article that the plaintiff had administered fatal doses of arsenic to her husband and others; that the publication of the items by the defendant reasonably mean that her earlier action of libel against the Hearst Corporation was without merit and would lead the reader of the defendant's papers to believe that the original publication by the Hearst Corporation was true.

A demurrer to a declaration for libel is not to be sus-

tained unless the words used are not capable of any defamatory meaning, *Ingalls* v. *Hastings & Sons Publishing Co.* 304 Mass. 31, 34, and cases cited. As applied to a natural person the test "is whether, in the circumstances, the writing discredits the plaintiff in the minds of any considerable and respectable class of the community. *Stanton* v. *Sentinel Printing Co.* 324 Mass. 13, 14.

Focusing our attention, as we must, on the words used by the defendant and applying to them the stated standard, we think the demurrer was rightly sustained on the ground that the allegations are insufficient to maintain the action. The news accounts published by the defendant accurately set out the means by which the plaintiff and the Hearst Corporation, acting through their respective counsel, had formally brought to a close the litigation in the Federal court. The legal termination of a libel suit is an item of legitimate public interest, and publication of the fact is not per se libellous *nor* to be made the precursor of an endless chain of libel actions. The defendant's news accounts indicated that the plaintiff was the prevailing party and identified the subject matter of the litigation. The defendant had no duty before publishing the court record to go behind that record in an attempt to ascertain, what, if any, additional private or confidential arrangement may have been made between the parties to settle the dispute. The allegations in the declaration purportedly by way of innuendo, although they may express the plaintiff's personal feelings, add nothing to the meaning of the words published to the community. See *Colby Haberdashers, Inc.* v. *Bradstreet Co.* 267 Mass. 166, 170; *Ricci* v. *Crowley,* 333 Mass. 26, 27.

The order sustaining the demurrer is affirmed. Judgment is to be entered for the defendant.

*So ordered.*