MERRILL B. NEARIS *vs.* ESSEX COUNTY NEWSPAPERS, INC. & others. May 8, 1974. This is an appeal from an order sustaining a demurrer to a declaration in tort for libel. It appears from the declaration that the plaintiff, an attorney, was imprisoned for contempt of court in connection with a support proceeding in which he was the respondent. The plaintiff argues that he was defamed by a series of newspaper articles describing a habeas corpus proceeding which he later initiated to secure his release. We are of the opinion that the articles in question, copies of which are appended to the declaration, are not reasonably capable of a defamatory meaning and that the demurrer was therefore properly sustained. See *Ingalls* v. *Hastings & Sons Publishing Co.* 304 Mass. 31, 34 (1939); *Perry* v. *E. Anthony & Sons, Inc.* 353 Mass. 112, 113-114 (1967); *Spohr* v. *Smith,* 361 Mass. 858 (1972). Of the numerous statements of innuendo contained in the declaration, only one is based on an allegation of factual error, to wit that the defendants reported the plaintiff to have been committed to the "Lawrence House of Correction" when he was in fact imprisoned in the Lawrence jail. The plaintiff argues that a reader might conclude from this error that his contempt was criminal rather than civil in nature. We question whether any such distinction is made in practice (compare, in this regard, G. L. c. 126, § 8, which provides for the establishment of houses of correction, with G. L. c. 126, § 4, which defines the purposes for which jails may be used) and do not believe that the error alleged could have discredited the plaintiff "in the minds of any considerable and respectable class of the community." *Twohig* v. *Boston-Traveler Corp.* 346 Mass. 654, 655 (1964). See *Muchnick* v. *Post Publishing Co.* 332 Mass. 304, 305-306 (1955). The plaintiff also argues that the defendant did not file its demurrer "within twenty-one days . . . after the return day of the writ . . . or such other time, greater or less, as may be prescribed by statute or special order of the court." Rule 25 of the Superior Court (1954). See also Rule 2 of that court. The judge's action in sustaining the demurrer can be construed as an implicit allowance of its late filing. *Hill* v. *Trustees of Glenwood Cemetery,* 323 Mass. 388, 392-393 (1948), and cases cited. The plaintiff has also brought a bill of exceptions from the denial of his motion to default the

defendants, but has not argued it in his brief.  We deem it waived.
Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972).

*Order sustaining demurrer affirmed.*
*Exceptions waived.*

The case was submitted on briefs.

*Merrill B. Nearis,* pro se.

*Philip M. Cronin* for the defendants.