Thomas **MORRELL**, Plaintiff,

v.

**FORBES, INC.**, Defendant.

Civ. A. No. 83–1099–N.

United States District Court,
D. Massachusetts.

March 11, 1985.

Leonard Rose, Falmouth, Mass., for plaintiff.

John T. Williams, Victor Bass, John T. Harding, Palmer & Dodge, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

DAVID S. NELSON, District Judge.

In September 1973, a local newspaper photographer took a photograph of the plaintiff, a fisherman by trade, while he was unloading a catch of crabs on the Boston Fish Pier. A few days later, the photograph appeared in the Boston Globe as a human interest item. The plaintiff objected neither to having his picture taken nor to its publication.

Then in April 1982, the defendant Forbes, Inc. published that same photograph in Forbes Magazine to illustrate a short article on the relatively weak presence of organized crime in wholesale fish markets in cities other than New York. The photograph of the plaintiff and the short article accompanied a feature detailing organized crime's alleged domination of New York City's Fulton Fish Market. Underneath the photograph appeared the caption "The Boston Fish Pier: smaller fry in a fishy business." The only other photograph of a recognizable person in the feature article was of alleged "[f]ish market mobster Socks Lanza."

The plaintiff, Thomas Morrell, moves for summary judgment on all counts in this diversity suit, asserting that the publication of his photograph in this manner was clearly defamatory and claiming invasion of privacy under Mass.Gen.Laws Ann. ch. 213, § 1B (West 1984), unlawful appropriation of his picture for advertising or commercial purposes, id. § 3A, and intentional infliction of emotional distress. The defendant Forbes, Inc. denies any liability and also moves for summary judgment, claiming that it followed the customary procedures in obtaining the plaintiff's photograph from a photographic stock agency and that the publication in any event did not defame or otherwise harm him.

The Court, however, does not find either the plaintiff's or the defendant's arguments entirely persuasive and disagrees with their respective positions that summary judgment, under Fed.R.Civ.P. 56 is appropriate as to all counts. The Court is of the opinion that there are disputed issues of fact that are both genuine and material, thereby rendering summary judgment at least as to the defamation and invasion of privacy claims inappropriate. *See Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir. 1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

In order to prevail on his allegation of defamation, the plaintiff Morrell must show that Forbes, Inc. negligently[1] published untrue statements that discredited him "in the minds of any considerable and respectable segment in the community." *Stone v. Essex County Newspapers,* 367 Mass. 849, 853, 330 N.E.2d 161 (1975). Conversely, the defendant Forbes, Inc. is

---

1. Even if the defendant had been aware of Morrell's activities in the fishermen community before publishing his photograph, the plaintiff is not a public figure within the meaning of *Gertz v. Welch,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), for he has neither achieved "such pervasive fame or notoriety that he becomes a public figure for all purposes and in all contexts" nor "voluntarily inject[ed] himself or [been] drawn into a particular public controversy and thereby becom[ing] a public figure for a limited range of issues," *id.* at 351, 94 S.Ct. at 3013.

not liable if either it did not act negligently, *see id.* at 858, 330 N.E.2d 161; *Cefalu v. Globe Newspaper Co.,* 8 Mass.App. 71, 76, 391 N.E.2d 935 (1979), or the publication of the photograph of Morrell could not reasonably be understood to so discredit him, *see Tropeano v. Atlantic Monthly,* 379 Mass. 745, 751, 400 N.E.2d 847 (1980); *Colby Haberdashers v. Bradstreet Co.,* 267 Mass. 166, 170, 166 N.E. 550 (1929); *cf. Clark v. American Broadcasting Cos.,* 684 F.2d 1208, 1213–14 (6th Cir. 1982).

■ Under these standards, the photograph of a fisherman unloading a catch of crabs is not in itself defamatory. However, such a photograph taken together with the caption referring to "smaller fry in a *fishy* business" (emphasis added), and the accompanying text, that appraised the extent of any organized crime influence in wholesale fish markets in cities other than New York, may be defamatory. Although a reasonable person might conclude that the photograph of the plaintiff was merely a stock picture of a fisherman on the Boston Fish Pier, the Court also finds that the context of the photograph was such as to suggest that Morrell, himself, may have been one of the "smaller fry" involved with organized crime. *Cf. Clark,* 684 F.2d at 1213–14. Especially in the overall context of a feature article on the allegedly extensive involvement of organized crime in New York City's Fulton Fish Market, the Court is reluctant to find that such publication cannot reasonably be construed to be defamatory in any sense.

Nor is the Court persuaded that Forbes, Inc. was not negligent in so publishing the photograph. Even assuming that the defendant obtained the photograph of Morrell from a stock photographic agency in the usual way, if the publication is ultimately found to be defamatory, then it is possible that a reasonably prudent editor would have realized the "substantial danger to reputation" that the treatment of the photograph would have posed to the plaintiff. *Cefalu,* 8 Mass.App. at 76, 391 N.E.2d 935 (citing *Gertz v. Welch,* 418 U.S. 323, 348, 94 S.Ct. 2997, 3011, 41 L.Ed.2d 789

(1974)). Therefore, the Court denies both the plaintiff's and the defendant's motions for summary judgment on the defamation claim.

■ The Court likewise denies the motions for summary judgment on the plaintiff's allegation of invasion of privacy under Mass.Gen.Laws Ann. ch. 214 § 1B (West 1984). It would be premature to dismiss this cause of action when Massachusetts courts have not had the opportunity to delineate the elements a plaintiff must prove to prevail under the state's relatively new privacy statute. *Cf. Cefalu,* 8 Mass.App. at 77, 391 N.E.2d 935 (1979) (stating only that "[w]hatever conduct may rise to a violation of this statute, the publication of the photograph of a line of people in a government building is not it.")

■ As for plaintiff's claims of unlawful appropriation of his picture for advertising or commercial purposes under Mass. Gen.Laws Ann. ch. 214, § 3A, and intentional infliction of emotional distress, the Court grants summary judgment for the defendant. First, as for the unlawful appropriation allegation, the publication of Morrell's photograph even without his consent is not appropriation for advertising or commercial purposes. Such publication has been held to be a "legitimate, noncommercial use" only "incidental" to any advertising or trade purposes. *Tropeano,* 379 Mass. at 751, 400 N.E.2d 847 (1980). Second, the plaintiff on the basis of the facts he himself alleges cannot prove the defendant's actions amounted to the kind of "extreme and outrageous" conduct "beyond all possible bounds of decency" necessary to prove the intentional infliction of emotional distress. *Agis v. Howard Johnson Co.,* 371 Mass. 140, 145, 355 N.E.2d 315 (1976) (quoting Restatement (Second) of Torts § 46, comment d (1965)).

For the foregoing reasons, the Court hereby DENIES the plaintiff's motion for summary judgment in its entirety, ALLOWS the defendant's cross motion for summary judgment insofar as it applies to the plaintiff's unlawful appropriation and intentional infliction of emotional distress

claims, and DENIES the remainder of the defendant's motion.

SO ORDERED.