## STERN v. UNITED STATES.

District Court, W. D. Washington, N. D. February 26, 1929.

No. 12536.

Max Hardman and Samuel R. Stern, both of Seattle, Wash., for plaintiff.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash.

NETERER, District Judge. Plaintiff prays judgment for $28.90, income tax assessed for 1925 and paid under protest, asserting that prior to this suit he "demanded the return of the money * * * that said sum be paid to him. * * *" Defendant demurs on the ground that sufficient facts are not stated, in this: That no claim was filed with the collector.

While the complaint is silent as to the nature of the demand or claim made, at bar it was stated that the claim was in writing and filed with the collector. A copy was produced and filed, marked "Brief in Protest." In the interest of economy of time, it is considered by the court as a part of the amended complaint. This statement, stripped of verbiage, clearly gives the basis of the claim, the amount, and prays credit.

A claim may be said to be an assertion of an existing right, a demand entered of record, stating the amount. See Marsh v. Benton County, 75 Iowa, 469, 39 N. W. 713; Ingram v. Colgan, 106 Cal. 113, 38 P. 315, 39 P. 437, 28 L. R. A. 187, 46 Am. St. Rep. 221. It is obvious that, stripped of verbiage, sufficient facts are stated to fully advise the collector. It is not the name of the document filed, but substance, that controls.

26 USCA § 1065b, provides that a claim therefore shall be filed by the taxpayer. A demand for *credit* or *refund* is the inference of the section, supra. It would seem to be merely useless red tape to require, under the circumstances, a formal, legally phrased document, without immaterial verbiage. It woul bar the taxpayer of small means from making claim. The expense of a lawyer would be more than the amount claimed. The intent of the Congress obviously was that the claim shall be in writing, stating the amount, and filed, so as to make a record as a basis for credit or refund; and I have no doubt that a letter from a taxpayer, giving a concise statement or history and amount of the claim, claiming credit or refund, filed with the collector, would satisfy this requirement. This is the only issue before the court, and, as against the objection, I think the amended complaint, with the memoranda styled, "protest," and demand for credit, is sufficient.

The demurrer is overruled.