## STERN v. UNITED STATES.

### No. 12536.

District Court, W. D. Washington, N. D.

Oct. 30, 1929.

See, also (D. C.) 31 F.(2d) 960.

Samuel R. Stern, of Seattle, Wash., in pro. per.

Anthony Savage, U. S. Dist. Atty., and Tom De Wolfe, Asst. U. S. Dist. Atty., both of Seattle, Wash.

BOURQUIN, District Judge.

In this action to recover income taxes paid, the amended complaint alleges that in his return for 1925 he claimed a loss on account of stock investment in a corporation which went into receivership in 1921, but which was expected to fully pay stockholders, and which was by plaintiff discovered only in September, 1925, would pay nothing; that the collector, however, demanded payment (presumably disallowing the said loss); plaintiff paid $28.90 under protest; and "prior to commencement of this action he not alone made a due and formal protest against collection of said sum, but he also demanded the return of the moneys thus improperly paid."

A general demurrer was overruled by Neterer, J. (D. C.) 31 F.(2d) 960; he taking into consideration as part of the complaint a copy of the demand aforesaid, and which he held to be sufficient in form as a statutory claim. The answer denied all allegations of the complaint.

At the trial it appears, amongst other things, that the claim aforesaid in form a protest was filed with the Commissioner in December, 1927, some months before the tax was paid, and was by the said officer disregarded or disallowed. Section 156, title 26, USCA, provides that no suit for the recovery of taxes so paid shall be maintained "until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury." At that time the Secretary's regulation required that claims should be verified (Reg. 69, art. 1304), and this protest was not.

Sections 1046, 1065, said title, provide that excess taxes paid shall be credited on taxes then due from the taxpayer and any balance of such excess refunded to him.

That the protest or claim was filed before the tax was paid, and that the regulations required a claim to be verified, do not seem to have been made known to Neterer, J., prior to his decision aforesaid. It is obvious that the statute intends that the claim shall be filed after payment made, a claim to secure credit or refund of taxes theretofore paid. A claim before taxes paid does not comply with the statute, fails to perform the statutory condition precedent to any suit. Hence the suit is premature and cannot be maintained.

In principle, the case is all fours with Rock Island, etc., Co. v. U. S., 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188, the reasoning of which applies and controls here.

The defendant insisting on compliance with its laws and regulations, as it rightfully can, the action is dismissed.