## MARSH v. BENTON COUNTY

**Counties:** REJECTION OF CLAIM PRESENTED : RECOVERY IN EXCESS OF. Plaintiff demanded of the defendant county five hundred dollars for injuries to his wife on account of a defective bridge, and the claim was rejected. He then brought action for that amount, but afterwards, by amendment, demanded a larger amount, on the ground that her injuries were much more serious than at first supposed. *Held* that it was error to allow a recovery for a larger amount, since no claim therefor had been presented to the board of supervisors, as required by section 2610 of the Code.

*Appeal from Cedar District Court.*—HON. J. H. PRESTON, Judge

FILED, OCTOBER 12, 1888.

ACTION at law. Trial by jury. Verdict and judgment for the plaintiff for eight hundred and seventy-two dollars. The defendant appeals.

*G. W. Burnham* and *J. D. Nichols*, for appellant.

*Traer & Voris* and *Wm. G. Thompson*, for appellee.

SEEVERS, C. J.—The plaintiff's wife was passing along a highway in a buggy drawn by one horse. She was driving, and, in attempting to pass over a county bridge, she, as is claimed, was precipitated down an embankment constituting an approach to the bridge, because no railing or barrier had been erected along the embankment. The accident occurred in May, 1882. In September thereafter the claim of the plaintiff for five hundred dollars was presented to the board of supervisors, and payment thereof was refused. In November thereafter this action was commenced and a judgment for five hundred dollars was asked, and in December, 1883, an amendment to the petition was filed, and in August, 1887 a further amendment was filed, stating that since the

filing of the prior petitions it has been developed that the injuries sustained by plaintiff's wife were of a more serious character than was then supposed, and that she was permanently injured and disabled, and judgment was asked for fifteen hundred dollars. The court instructed the jury that the plaintiff was entitled to recover, if anything, such amount as will compensate him for the loss. The defendant moved for a new trial, on the ground that the verdict of the jury is for a greater amount than the claim presented to the board. The motion was overruled.

It is provided by the statute that "no action shall be brought against any county on an unliquidated demand, until the same has been presented to the board of supervisors, and payment demanded." Code, sec. 2610. No claim was ever presented to the board that the plaintiff had been permanently injured, and the claim presented was for five hundred dollars only. It would not have been sufficient if the plaintiff had presented a claim without stating how much he believed he was entitled to receive. Such amount must be stated, and the payment thereof refused, before an action can be maintained. If, after an action has been commenced, something occurs which the plaintiff believes entitles him to a larger amount, such claim must be presented to the board; but what would be the effect of such presentation we do not determine. It is the province of the board to determine whether a claim will be paid or litigated. If a claim had been presented for fifteen hundred dollars, the board might have concluded it was best to pay fifteen hundred dollars than litigate it; but, understanding that a recovery by action in court could not exceed five hundred dollars, the board may have thought better to refuse to pay it. The statute plainly says the claim must be presented to the board. What is a claim? It is a "demand made of a right or supposed right,— a calling on another for something due or supposed to be due, as a claim for wages or services,"—as defined by Webster. A claim for wages or services which failed to state the amount of money claimed would be a nullity

where the person upon whom the demand is made has the right to pay, or refuse to do so, before an action can be maintained to recover it. The instructions should have stated that the plaintiff's recovery could not exceed five hundred dollars, and possibly interest on that sum; but we must not be understood as determining that the plaintiff could recover interest, for there is no such question in the case; for the reason that the recovery exceeds such sum if allowable. The court also should have sustained the motion for a new trial for the same reason.

Upon another trial the word "average," as used in the eleventh paragraph of the charge, should be omitted. We are not prepared to say that the plaintiff cannot recover because of the contributory negligence of his wife. This, under the circumstances, was a question for the jury. As the evidence may not be the same on another trial, it is not necessary to determine whether the verdict is sustained by the evidence, or whether a new trial should have been granted on the ground of newly-discovered evidence.

REVERSED.