RICHARD O. SMITH, trustee in bankruptcy, *vs.* IMPORT DRUG
COMPANY.

Suffolk.    March 5, 1925. — October 3, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Finding by judge, Requests for findings, Requests for rulings,
Exceptions. *Agency,* What constitutes, Scope of authority. *Sale.*
*Evidence,* Of agency.

The rules of law, that no exception lies to a refusal by a judge, hearing an
action at law without a jury, to grant a request for a finding of fact,
and that he cannot be compelled to give a ruling of law based upon a
single disconnected fact, cannot be avoided by multiplying requests
until they cover all the several material facts involved in a decision of
the action.

Exceptions will not be sustained to a refusal by a judge who heard an
action at law without a jury to grant rulings which were rendered im-
material because the judge did not find the facts to be as assumed in the
rulings requested.

Where, at the hearing by a judge without a jury of an action at law for
breach of a contract of sale which was alleged to have been made by
the defendant through an agent, the authority of the agent was in issue,
evidence to show that the defendant received and kept a copy of the
contract or memorandum of sale and did not at once object to the
authority of the agent to make it, was *held* to go far toward showing
that there was no lack of authority in the agent to make the bargain
stated in the copy or memorandum.

Evidence at the hearing by a judge without a jury of an action of the
character above described against a corporation, comprising oral and
written communications between the defendant and the alleged agent,
and failure of the defendant's principal stockholder and manager to
testify, when called by the defendant, to an understanding, sought to
be established by the defendant, that sales made by the agent were
subject to confirmation of credit of the purchasers by the defendant,
was *held* to warrant a finding of authority in the agent even if the judge
were not satisfied that the defendant had received a contract or mem-
orandum of sale purporting to have been signed by the alleged agent
in the defendant's behalf.

CONTRACT, originally by H. C. Dusenberry, Inc., for
breach of a contract of sale described in the opinion.   Writ
dated August 20, 1920.

In the Superior Court, the action was heard by *Weed,* J.,
without a jury.   The letter of February 21, 1920, referred
to in the defendant's eighth request and in the opinion, was

from the defendant to Charles L. Huisking, Incorporated, and contained the following: "Regarding same he wishes to state, that you can accept a Car of Naphthaline Flakes White Tar Brand 7½c. F. O. B. New York, net — 10 days during March delivery, and you may send us a regulation order for same.   Car contains between 150-200BBl."   The letter of February 25, 1920, referred to in the additional requests by the defendant and in the opinion, was addressed to the defendant from the plaintiff and purported to confirm the purchase in question made by the plaintiff "from you through Chas. L. Huisking, Inc."

Other material evidence is described in the opinion.   At the close of the evidence, the defendant asked for the following rulings:

"2.  On the evidence and the pleadings, the plaintiff cannot recover under count 2 of the declaration.

"3.  On the evidence and the pleadings, the plaintiff cannot recover under count 3 of the declaration.

"4.  The burden is on the plaintiff to show that the plaintiff's trustee in bankruptcy has relinquished or assigned back to the plaintiff the claim in suit.

"5.  The plaintiff cannot maintain this suit because of its bankruptcy.

"6.  The plaintiff cannot recover on the pleadings because there is no evidence of an oral contract between the plaintiff and the defendant.

"7.  The plaintiff cannot recover upon a written contract between the plaintiff and the defendant because of a variance on its declaration.

"8.  The defendant's letter of February 21, 1920, is not to be construed as conferring on Chas. L. Huisking, Inc., authority to bind the plaintiff [*sic*] by contract with some third person.

"9.  Chas. L. Huisking, Inc., had no authority upon the evidence to bind the defendant to the contract alleged."

"12.  There is no evidence of any authority given by the defendant to Huisking Company to enter into a contract for naphthaline flakes containing a provision that the naphthaline flakes should be 79 degrees melting point.

"13. The plaintiff cannot recover unless a copy of the paper being the so called contract of sale, exhibit 9, was received and approved by the defendant.

"14. The burden is on the plaintiff to show that exhibit 9 was received and approved by the defendant.

"15. There is no evidence sufficient to justify a finding that exhibit 9 was received and approved by the defendant."

"17. There is no evidence of damage sufficient to justify a finding of more than nominal damage.

"18. The paper, exhibit 9, is to be construed as purporting to be a contract in writing.

"19. The paper, exhibit 9, does not purport to be a memorandum of an oral contract.

"20. If it be assumed that there is evidence of an oral contract the plaintiff cannot recover because of the New York statute of frauds."

"Additional 1.   There is no evidence that any letter of February 25, 1920, was received by the defendant from the plaintiff.

"Additional 2.   Assuming that the letter of February 25, 1920, was received from the plaintiff by the defendant, its terms are inconsistent with the alleged contract and thereby relieved the defendant from any obligation under the alleged contract."

The judge granted the first additional request, denied the other requests above set out, and found for the plaintiff in the sum of $1,547.70.

After the hearing but before the finding, the trustee in bankruptcy of the plaintiff corporation was, on his motion, allowed to be substituted as party plaintiff.

The defendant alleged exceptions.

*C. F. Lovejoy*, for the defendant.

*Lee M. Friedman*, for the plaintiff.

WAIT, J.   This is an action for breach of a contract to sell and deliver naphthaline flakes. The declaration was in three counts. The first count may be dismissed without discussion, as the trial judge ruled that there could be no recovery upon it. The second and third counts alleged that on or about February 24, 1920, the defendant agreed to sell

to the plaintiff and the plaintiff agreed to buy "one car of Prime White Naphthaline Flakes, White Tar Brand, 79 melting point, at 7½ cents per pound, F.O.B. New York, net ten days, for delivery in March 1920, said car to contain between 150–200 barrels"; and set out readiness to accept in accord with the agreement, and damage. The third count contained additional allegations which need not be considered here.

The judge who heard the case without a jury found for the plaintiff. The case is before us upon the defendant's exceptions to the admission of certain evidence, and to the refusal to give seventeen of the twenty-two "requests for rulings" presented by the defendant.

There is nothing in the exception to the admission of evidence; and no mention is made of it in the defendant's brief. We treat it as waived.

The plaintiff corporation was in bankruptcy; but, after the argument and before the finding, the trustee in bankruptcy was admitted as plaintiff by amendment. This disposes of any question raised by requests 4 and 5.

Many of the requests, though in form requests for rulings of law, were really requests for findings of particular facts and rulings upon the particular facts so found. At law no exception lies to the refusal to find a fact as requested. *Title Guaranty & Surety Co.* v. *Fred T. Ley & Co., Inc.* 238 Mass. 113, 120, and cases cited. *Puffer Manuf. Co.* v. *Yeager*, 230 Mass. 557. A trial judge cannot be compelled to give a ruling upon the effect of a single disconnected fact. *Moseley* v. *Washburn*, 167 Mass. 345. *Dolphin* v. *Plumley*, 175 Mass. 304. *Doherty* v. *Phoenix Ins. Co.* 224 Mass. 310, 317. This well established rule is not to be avoided by multiplying requests until they cover all the several material facts involved in a decision of the case.

If Charles L. Huisking, Inc. (hereinafter called Huisking, Inc.) as agent for the defendant, had authority to make the contract of sale declared upon, and, pursuant to such authority, did make it, requests 6, 7, 9, 12, 13, 14, 15, 17, 18 and 19 are immaterial. It then made no difference on its liability whether or not the defendant received a copy of the contract

or of a memorandum of the sale; and, apart from the question of the statute of frauds, whether the contract was oral or was in writing. Request 20 could not properly be given, because the statute of frauds, whether of New York or of Massachusetts, would be satisfied by a memorandum signed by the agent of the defendant, and there was a writing in evidence which, if Huisking, Inc. was the duly authorized agent of the defendant and if the paper was authentic, constituted such a memorandum.

Additional request 2 also was immaterial. The trial judge ruled as requested that there was no evidence that the letter of February 25, 1920, was received by the defendant. The assumption upon which the request is predicated was not made out.

The correct decision of the case depends upon the determination whether Huisking, Inc. had authority to bind the defendant to the contract sued upon and put in evidence. Request 8 was intended to raise this question; but it is too narrow. The proof of such authority did not rest alone upon the construction of the letter of February 21, 1920. There were other letters and other facts to be considered. It is apparent that the judge in reaching the conclusion that the authority existed did not rest his decision upon that letter only; for he ruled that "There is no evidence of any contract other than one containing a provision that the naphthaline should be 79 degrees melting point" and that letter says nothing of the melting point.

Requests 2, 3, and, if interpreted as a request for a ruling of law, request 9, raised the question whether there was any evidence which will support a finding that Huisking, Inc. had authority to bind the defendant to the contract declared upon. There is evidence of oral and written communication between Huisking, Inc. and the defendant. What was said and done was matter of fact for the decision of the judge who tried the case. He must be sustained unless clearly wrong. The letters, Exhibits 1, 2, 4, 5, 6, and 7, taken together justify a finding of authority to sell, at least to the person referred to in Exhibit 2, and there was evidence that the plaintiff was intended to be referred to thereby.

There was evidence for the trial judge to pass upon which tended to show that, in fact, the defendant received and kept a copy of the contract or memorandum of sale. Receipt of the contract or memorandum and failure at once to object would go far to show that there was no lack of authority in the agent to make the bargain as there stated. The receipt of the paper, however, was not essential to recovery by the plaintiff. Hence the refusal to give requests 13, 14, and 15 is not error. The defendant contends that there is nothing in the evidence without a finding of such receipt to justify the conclusion that Huisking, Inc. was authorized to pass finally upon the credit of the purchaser. It contends that, until the defendant knew who the purchaser was to be and had opportunity to examine that purchaser's credit, no binding contract could exist. It is true the witness LaCour, connected with Huisking, Inc. in cross-examination said that "it was going to be open to the defendant to pass on the credit of the buyer"; and that Mrs. Stein, called for the plaintiff, testified in cross-examination that she did not intend in writing the letter Exhibit 7 "to give Huisking Company, authority to bind the defendant to sell a car to some one without the defendant having an opportunity to pass upon the credit of that person." The weight and effect of this testimony was for the trial judge. He may have disbelieved Mrs. Stein; and he may have treated LaCour's statement as an expression merely of his opinion and not as testimony in regard to what was said in the conversation between Stein and representatives of Huisking, Inc. The bill of exceptions, which purports to set out all the material evidence, does not show that Stein, who with his wife made up the Import Drug Company and was manager, and who was, apparently, the only witness called on liability by the defendant, testified to any such understanding of the rights of the defendant to pass on credit, or to any expectation, when he sent Exhibit 7, that he was to pass upon the credit of the purchaser. The language of the letters already referred to; the fact that oral communication between Stein and Huisking, Inc. had taken place; the fact that after February 21 no inquiry was made by the defendant in regard to the transaction until Huisking, Inc.

wrote on March 23, 1920; and the absence of direct testimony from Stein on the matter of credit, may well have justified a finding of authority to bind, even had the trial judge not been satisfied that the defendant had received the contract or memorandum on or about February 24.

Although the trial judge might have reached a different conclusion upon the evidence, we cannot say that there is no evidence to support his finding; and, as we find no error of law, we cannot disturb his findings of fact.    *Puffer Manuf. Co.* v. *Yeager, supra.*

*Exceptions overruled.*