PEOPLE'S SAVINGS BANK *vs.* FRANKLIN R. CHESLEY.

Cumberland.      Opinion, April 28, 1942.

*Ralph W. Crockett,* Lewiston, for Petitioner.

*Franklin R. Chesley,* Portland,

*Frank T. Powers, Lewiston,* for Respondent.

SITTING: STURGIS, C. J., THAXTER, HUDSON, WORSTER, MURCHIE, JJ.

MANSER, J., did not participate.

STURGIS, C. J.   In this proceeding brought in the Superior Court, the People's Savings Bank of Lewiston seeks to compel an accounting and the payment of moneys alleged to have been collected for it but withheld after demand by the Respondent, a duly admitted and practicing attorney at law of this State. A Rule to show cause having issued, the Respondent filed an extended Answer and without objection to the jurisdiction of the court to entertain the Motion and render summary judgment, proceeded to trial on the issues raised by pleadings and proof. The Respondent's Exceptions to an adverse decree bring the case to the Law Court.

An attorney at law is at common law answerable to the summary jurisdiction of the courts for any dereliction of duty and may be compelled to account for and pay over moneys or property belonging to his client which he has received in his professional capacity and withholds after due demand but, while on any prima facie showing that the attorney is wrongfully withholding moneys indisputably belonging to the client, the courts will issue a summary rule, by the weight of authority if it subsequently develops that the purpose of the proceeding is but to determine disputed rights and credits and that the attorney has acted in good faith and without dishonesty, the proceeding will be dismissed and the client remanded to his ordinary remedies at law. *Re Paschal*, 10 Wall. (U. S.), 483, 19 Law Ed., 992; *Strong* v. *Mundy*, 52 N. J. Eq., 833, 31 A., 611; *Gross* v. *Vogel*, 187 N. Y. S., 660; *In Re Kennedy*, 120 Pa., 497, 14 A., 397; *Peirce* v. *Palmer*, 31 R. I., 432, 77 A., 201, Ann. Cas., 1912 B, 181; *Burns* v. *Allen*, 15 R. I., 32, 23 A., 35; 2 Am. St. Rep., 844. At common law whether in a particular case the matter should be summarily dealt with rests in the sound judgment and discretion of the trial court. *Charest* v. *Bishop*, 137 Minn., 102, 162 N. W., 1063; *Schell* v. *New York City*, 128 N. Y., 67, 27 N. E., 957; *Anderson* v. *Bosworth*, 15 R. I., 443, 8 A., 339; 5 *Am. Jur.*, 345.

Proceedings against attorneys at law for payment of collections, however, have long been governed by statute in Maine. P. L. 1895, Chapter 96. The current law is found in Revised Statutes, Chapter 93, the pertinent provisions of which read:

"Sec. 32. If an attorney at law receives money or any valuable thing on a claim left with him for collection or settlement, and fails to account for and pay over the same to the claimant for ten days after demand, he is guilty of a breach of duty as an attorney; and such claimant may file in the office of the clerk of the superior court in the county where such attorney resides a motion in writing, under oath, setting forth the facts; and thereupon any justice

of the superior court in term time or in vacation shall issue a rule, requiring the attorney to appear on a day fixed and show cause why he should not so account and pay, and to abide the order of such justice in the premises; which shall be served by copy in hand at least five days before the return day.

"Sec. 33. If he then appears, he shall file an answer to such motion, under oath, and such justice may examine the parties and other evidence pertinent thereto. If he does not appear and answer, the facts set forth in the motion shall be taken as confessed; and in either case such justice shall render such decree as equity requires.

"Sec. 35. If the attorney does not perform the decree of such justice he shall be committed for contempt until he does, or is otherwise lawfully discharged; and his name shall be struck from the roll of attorneys."

The Maine statute does not entirely conform to the common law rules applicable to such proceedings. Providing for the filing of a motion in writing under oath by the claimant and for the issuance of a rule to show cause, it requires the attorney, if he appears, to answer under oath, authorizes an examination of the parties and their pertinent evidence and directs that such a degree as equity requires shall be rendered either on issue joined or on default of appearance and answer. There is no provision here for discharge of the motion and rule as a matter of discretion. Compare *Felton* v. *Smith*, 52 Ga. App., 436, 183 S. E., 634. Nor does the statute limit invocation of the summary relief it affords to cases of bad faith but, in terms, seems to contemplate its application whenever the client, in full compliance with its requirements brings his claim for money or any valuable thing collected by the attorney in his professional capacity to the court and demands relief. See *Union Bldg. & Sav. Ass'n.* v. *Soderquist,* 115 Iowa, 695, 698, 87 N. W., 433.

Furthermore, the statute is both remedial and penal. While

Sections 32 and 33 are summary in their procedural requirements insuring prompt and effective action upon claims within their scope, the relief granted is only through such decree as equity requires. That it is intended that the attorney's every right and duty, legal and equitable, shall receive fair consideration and be given the effect that equity and good conscience demands cannot be doubted. The right of the client is no less. They both must do and can receive equity and no more. These parts of the statute are purely remedial. It is in Section 35 that the penal provisions of the law appear. These do not follow a remedial decree as a matter of course but are effective only to compel performance of the decree and penalize disobedience. The enforcement of the penalties provided in this statute must be viewed, we think, as independent proceedings separate and distinct from that in which remedial relief is afforded and, by analogy, subject to the rules laid down in *Cheney* v. *Richards*, 130 Me., 288, 292; 155 A., 642.

It is neither practical nor necessary to attempt here to recite the multitude of facts, conceded and controverted, which are disclosed by the voluminous transcript of the evidence made a part of the Bill of Exceptions and reviewed at length in the extended decision filed in the case. For the instant purposes it is sufficient to record that the Justice presiding in the court below found that the Petitioner, the People's Saving Bank of Lewiston, as of May 16, 1938, employed the Respondent, a local attorney at law, then practicing in Boston, at his request and upon his agreement to make no charge therefor, to collect $1,108.25 from the Reorganization Managers appointed in connection with the liquidation of the National Surety Company of New York or from the National Bondholders Corporation, its final liquidating agent, or from both, and on or about March 28, 1940, the Respondent collected the money from the National Bondholders Corporation, receiving its certified checks therefor, and forthwith, without justification in fact or law, claimed the money to be his own property, withheld for a time information from the People's Savings Bank that he

had made the collection and when demand for a remittance was made deliberately and willfully refused to account for the collection or pay the proceeds thereof to the Bank. The decision was that equity required the Respondent to account for the $1,108.25 which he had collected and pay the same to the People's Savings Bank within sixty days from the date of the filing of the Decree with interest at 6% per annum from March 30, 1940, together with costs of court. The Bank's contention that the Respondent should account for the collection of another claim of $775 against the same parties was denied.

The primary defense interposed by the Respondent was that having a personal claim against the Reorganization Managers of the National Surety Company, and indirectly, against the National Bondholders Corporation, its liquidating agent, for additional compensation for services rendered in the course of liquidation proceedings, by authority of the People's Savings Bank he attempted a joint collection of his and its claims, brought an action for conspiracy against the Reorganization Managers on his own behalf and finally effected a compromise whereby he collected his own claim but not that of the Bank. The Respondent further asserted that the Bank agreed that in making the joint collection his claim for compensation should first be satisfied in full out of any moneys received and conceding that a joint collection was made insisted that his compensation exhausted it and left nothing for the Bank. Suffice it to say that these defensive contentions were rejected by the Justice presiding as unsupported in law or fact and on this record this Court is convinced that this was with full warrant.

After the hearing the Respondent made multiple requests for declarations of law and presents thirty-six exceptions based thereon in part. The Exceptions have all been carefully examined and are found to be without merit. A general discussion of some of the more important questions of law raised only will prove profitable and need be made.

A request that Section 32 of Chapter 93 of the Revised Statutes relating to summary proceedings against attorneys

for withholding collections is a penal statute, should be construed strictly and not extended beyond its obvious import was properly refused. That part of the statute, as already pointed out, is strictly remedial and, while it should not be given a forced construction and extended beyond its obvious import, it must be interpreted so as to effectuate the purpose of its enactment. A statute which is both remedial and penal is to be construed in its respective parts accordingly. *Wadsworth* v. *Marshall*, 88 Me., 263, 270, 34 A., 30, 32 L. R. A., 588; *Endlich on Int. of Stat.*, Sec. 332; *Sutherland, Statutory Construction* Vol. II Sec. 337.

The trial judge ruled correctly that the instant proceeding as brought under Section 32 of the statute is not a quasi criminal complaint and the allegations in the motion by which it was initiated need not be proved beyond a reasonable doubt. The proceeding in the stage to which it has advanced on the record is for the recovery of the actual amount of money equitably due the Petitioner and is purely civil in its nature. A criminal character cannot be attached to it by reason of the authority found in Section 35 of the law for the imposition of penalties in case of non-performance of the decree of the court. Proceedings for contempt based upon failure to comply with the orders or decree of court are viewed in this jurisdiction as civil and not criminal. *Cheney* v. *Richards*, supra, Proceedings for disbarment are also civil in character. *Penobscot Bar* v. *Kimball*, 64 Me., 140, 147; *Matter of Mayberry*, 295 Mass., 155, 166, 167, 3 N. E., 2d, 248. The requirement of proof beyond a reasonable doubt as in criminal cases does not prevail in civil proceedings.

No prejudicial error is made to appear in the denial of a request for a ruling on the question of variance between pleading and proof of descriptive allegations or the degree of proof requisite. Not pointing out the ground upon which complaint is made or that the ruling requested was material, exceptionable error is not presented on the point and allowance by the presiding Justice does not cure this defect. *Wilson* v. *Simmons*,

89 Me., 242, 258, 36 A., 380. Nor is error found in the failure to declare a fatal variance between the allegations of the motion for the issuance of a rule and the proof adduced. The proof here substantially supports the allegations and it does not appear that the Respondent could have been surprised or misled to his prejudice in his defense upon the merits. If there be any variance it cannot be deemed material. *Emery* v. *Wheeler,* 129 Me., 428, 431, 152 A., 624; *Sposedo* v. *Merriman,* 111 Me., 530, 90 A., 387. For the reasons stated Exceptions 1, 2, 3 and 13 cannot be sustained.

As the case was decided the question of law raised by Exception 5 was immaterial and the facts upon which the request purported to be based equally so.

The errors alleged in Exceptions 10, 16 and 17 are directed to failures to rule that the word "claim" as used in the statute means a legal and enforcible claim for that which is the property of the client. This contention here has support neither in reason nor authority. In its ordinary and usual sense the term "claim" imports a demand of a right or a supposed right. *Webster's Int. Dict.,* 2nd Ed.; *McDowell* v. *Brantley,* 80 Ala., 173, 177; *Life Ins. Co.* v. *Smith,* 179 Ark., 164, 15 S. W., 2d 321; *Marsh* v. *Benton County,* 75 Iowa, 469, 470, 39 N. W., 713; *B. & M. R. R. Co.* v. *Abink,* 14 Nebr., 95, 15 N. W., 317. That the People's Savings Bank supposed they had a right of recovery against the Reorganization Managers of the National Surety Company and its liquidating agent, the National Bondholders Corporation, permits of no doubt. The Respondent repeatedly advised the Bank, in his capacity as its attorney, that it had a valid claim against one or both of these parties, and was directly responsible for a justified belief upon the part of the officials of the Bank that the claim was of right and collectible. The word "claim" as used in the statute must be accorded its common meaning. *Revised Statutes,* Chapter 1, Section 6.

Many of the requests for rulings of law were in fact requests for findings of particular facts and rulings thereon. No Excep-

tion lies to the refusal to find a fact as requested. *Mitchell* v. *Mitchell,* 136 Me., 406, 11 A., 2d, 898. Nor can a trial judge be compelled to give a ruling upon the effect of a single disconnected fact. This rule cannot be avoided by multiplying requests until they cover the several material facts involved in the decision of the case. *Smith* v. *Import Drug Co.,* 253 Mass., 368, 149 N. E., 118. Furthermore, declarations of law which are inapplicable to, inconsistent with or contradictory of facts found by the Court are immaterial and improper and should not be given although announcing a correct principle of law. *Maine Candy & Products Co.* v. *Turgeon,* 124 Me., 411, 130 A., 342; *Hooper* v. *Cuneo,* 227 Mass., 37, 40, 116 N. E., 237. Without specific enumeration, all Exceptions, except those not elsewhere specifically considered, are governed by these rules and present no exceptionable errors.

Exceptions 14 and 15 relate to the failure of the Justice presiding to rule that the Petitioner had not sustained the burden of proof which rested upon it. A consideration of all the evidence clearly indicates that the material allegations of the Motion were supported by plenary and convincing proof.

Error is alleged in Exceptions 33 and 34 as a result of comment and discussion indulged in by the trial judge in the course of his findings of fact. It does not appear that the decision rendered was based at all thereon. If it were, it is the ruling and not the reasons therefor to which Exceptions lie. When the trial judge, sitting without a jury, has arrived at a correct result the processes of reasoning which led him there are immaterial. *Estabrook* v. *Motor Co.,* 137 Me., 20, 15 A., 2d., 25, 129 A. L. R., 1268.

The final general Exception 36 to the decree entered is not sustained. It cannot be held on this record that the findings of fact made are unsupported by evidence and contrary to the only inferences to be drawn from the testimony or that the decree in any part was otherwise based upon an error of law. Absolved from these errors, the decree must stand. *Richards* v. *Libby, Ex'r.,* 136 Me., 376, 10 A., 2d, 609, 126 A. L. R., 1215;

*Pratt* v. *Dunham,* 127 Me., 1, 140 A., 606; *Ayer* v. *Harris,* 125 Me., 249, 253, 132 A., 742. Procedural errors in the Exception are here deemed unimportant. P. L. 1941 c. 86.

It appearing that the trial court was vested with jurisdiction over the proceedings by R. S. c. 93 §§ 32, 33, compliance with the statutory requirements was sufficient and the exercise of jurisdiction was not error the Exceptions are overruled.

*Exceptions overruled.*