GEORGE B. BARNES ET AL.

*vs.*

FRANCIS A. WALSH

Aroostook.    Opinion, April 6, 1950.

*James P. Archibald,* for informant.

*Irvine E. Peterson,* for respondent.

MERRILL, J.    On report.    On the fifth day of October, A. D. 1949, George B. Barnes, Albert F. Cook and Fred N. Beck, Grievance Committee of the Aroostook Bar Association, filed in the office of the Clerk of the Supreme Judicial Court in Aroostook County an information address to said court, within and for said county, against Francis A. Walsh of Caribou in said county, an attorney at law.

Said information alleged that said Walsh had become and was disqualified for the office of attorney and counsellor at law for reasons specified therein.    The Supreme Judicial Court, within and for said county, being then in vacation, the Chief Justice of said court, on the seventh day of October, 1949, issued a rule commanding the said Francis A. Walsh to appear before said court at the term thereof to be

holden at Houlton in said county on the first Tuesday of November, 1949, then and there to show cause why his name should not be struck from the roll of attorneys. The rule further prescribed how the same should be served, and was duly served upon the respondent.

There being no justice of said court resident in Aroostook County, the Chief Justice duly assigned one of the Associate Justices of said court to preside over said November term to hear and determine any matters there pending, and especially said information. Prior to the first day of said term the respondent filed in the office of the Clerk of Courts in said county of return a denial of the charges specified in the information.

At said term and on the first day thereof, the respondent not having appeared, the Associate Justice so assigned to preside at said term ordered that said information stand upon the docket for hearing before said court at Houlton on the twelfth day of November, 1949, at 10 o'clock in the forenoon, to which time and place he then and there adjourned said court.

On the twelfth day of November the respondent appeared before said court personally and with counsel, and suggested to the court, said Associate Justice presiding, that it was without jurisdiction to hear and determine said cause for the reason that the information having been filed under the provisions of R. S., Chap. 93, Sec. 14, the only justice who had jurisdiction to set said cause for hearing and to hear the same was the Justice of the Supreme Judicial Court who issued the rule provided for in said Sec. 14. Whereupon, the parties agreeing thereto, the justice presiding, by appropriate order, reported the cause to the next term of the Law Court, with the following stipulation agreed to by the parties:

"If upon the foregoing statement of facts the Law Court shall determine that the Supreme Judicial Court is now without jurisdiction to hear said

Information the same is to be dismissed; otherwise the cause is to stand for hearing upon the Information, Denial and Proof."

The case is now before this court upon said report.

By R. S., Chap. 93, Secs. 14, 15 and 20 it is provided:

"**Sec. 14. Information may be filed by attorney-general, or committee of bar against attorney.** Whenever an information is filed in the office of the clerk of courts in any county, by the attorney-general, or by a committee of the state bar association, or by a committee of the bar or bar association of such county, charging that an attorney at law has become and is disqualified for the office of attorney and counselor at law, for reasons specified in the information, any justice of the supreme judicial court may, in the name of the state, issue a rule requiring the attorney informed against to appear on a day fixed to show cause why his name should not be struck from the roll of attorneys, which rule, with an attested copy of the information, shall be served upon such attorney in such manner as the justice directs, at least 14 days before the return day, and shall be made returnable, either in the county where such attorney resides or where it is charged that the misconduct was committed.

**Sec. 15. Upon denial, information to stand for hearing.** If the attorney on whom such service has been made, on or before said return day, files in the office of the clerk of courts in said county of return a denial of the charges specified in the information, the information shall thereupon stand upon the docket for hearing at such time and place as said justice shall order, upon such lawful evidence as may be produced either by the state or by the respondent.

**Sec. 20. Interpretation of Secs. 14-19.** The provisions of the 6 preceding sections do not annul or restrict any authority hitherto possessed or exercised by the courts over attorneys."

The specific issue raised by the report is: "If a Justice, as here in a cause of this nature, issue a rule returnable to

a regular term of the Supreme Judicial Court, and some Justice of said Court other than the Justice who issues the rule is the Justice presiding at said term, may such presiding Justice order the time and place for hearing said information and hear the same?" The respondent seizes upon the phrase contained in Sec. 15 above quoted "the information shall thereupon stand upon the docket for hearing at such time and place as *said* justice shall order" (emphasis ours) as restricting all jurisdiction in the premises to the justice who issued the original rule.

The power and authority of the Supreme Judicial Court to discipline or remove attorneys at law for misconduct is inherent. As said by this court in *Penobscot Bar* v. *Kimball,* 64 Me. 140, 145, 146:

> "An attorney at law is an officer of the court as appears from the terms of his oath of office, to wit: 'you will conduct yourself in the office of an attorney within the courts according to the best of your knowledge and discretion, and with all good fidelity, as well to the courts as your clients.' The order of his admission to the bar is the judgment of the court that he possesses the requisite legal qualifications and good moral character to entitle him to practice the profession of an attorney at law. From the moment of his entrance upon the duties of his office, he becomes responsible to the court for his official misconduct. The tenure of his office is during good behavior, and he can only be deprived of it for misconduct ascertained and determined by the court after opportunity to be heard has been afforded. In the absence of specific provision to the contrary the power of removal is commensurate with the power of appointment. *Ex parte Garland,* 4 Wall., 378; case of *Austin et als.,* 5 Rawle, 203."

This inherent power to discipline and remove is in the court itself, not in the individual justices as such. Such authority and power has been possessed by the Supreme Judicial Court in this state from its inception.

The provisions of R. S., Chap. 93, Secs. 14-19, are not exclusive, either as to the procedure therein authorized or in conferring authority upon the Supreme Judicial Court to act in the premises. These provisions are in aid of the authority and power inherent in the court. These provisions in the statute in no way limit this power and authority of the court to discipline and remove unworthy attorneys, nor its power and authority to adopt appropriate procedure therefor. When an attorney is formally charged before the court with conduct unworthy of an attorney, the court may adopt any appropriate procedure to enable it to exercise its inherent power and authority in the premises. The court is limited in the exercise of such power and authority only by the general principles of law which require that sufficient notice be given to the respondent to enable him to appear and defend against the charges, that it afford to him a fair and impartial hearing upon the charges made against him, and that discipline be administered or removal ordered only for misconduct ascertained by the court in proceedings so conducted. R. S., Chap. 93, Sec. 20 recognizes and preserves this power and authority of the court when it declares:

"The provisions of the 6 preceding sections do not annul or restrict any authority hitherto possessed or exercised by the courts over attorneys."

The information in this case was addressed to the Supreme Judicial Court. Under statutory authority the Chief Justice of the Court ordered the respondent to appear before the court at a regular term thereof to show cause why his name should not be struck from the roll of attorneys. Being served with this order and rule as therein prescribed, the respondent was given ample opportunity to appear and defend himself against the charges contained in the information. He availed himself of the opportunity so presented and filed an answer denying the charges. He then challenged the jurisdiction of the court on the grounds hereinbefore set forth.

The justice presiding at a regular term of the Supreme Judicial Court at *nisi prius*, duly assigned as such by the Chief Justice, has charge of the docket of said court. Unless prevented by clear and specific provision to the contrary, he has the power and authority to make all necessary and appropriate orders for the orderly conduct of the business before the court. Acting within his authority as such, the justice presiding ordered this information to stand upon the docket for hearing before said court on the twelfth day of November, 1949, and adjourned said term to said date.

Although a literal reading of the phrase relied upon by the respondent gives color to his contention, the contention cannot be sustained. To sustain his contention, that jurisdiction is exclusively in the justice who issues the rule, would deprive the court, as such, of its authority and control over its attorneys, and confer the same upon one of the justices, as such.

In view of the provisions of Sec. 20 above quoted, the Chief Justice was authorized to make the rule returnable to a regular term of said court. The information was a cause standing upon the docket of the court at said term for disposal therein and thereby. The presiding justice was authorized, as such, to make all appropriate orders with respect to the cause, including setting the same for hearing before said court on a day certain, and on said day, as the justice presiding over said court to hear and determine the cause. It necessarily follows that the Supreme Judicial Court, at *nisi prius*, now has jurisdiction to hear said information.

In accord with the stipulation of the parties, the cause is to stand for hearing before the Supreme Judicial Court, at a term thereof hereafter to be begun and holden at Houlton within and for the County of Aroostook, upon the Information, Denial and Proof.

*So ordered.*