OPINION OF THE COURT
Robert F. Doran, J.
This is one of those other-side-of-the-coin cases, for which no prior case law has been found by the court. By notice of motion, the movant, who is the defendant and third-party plaintiff in the first above-entitled action and the petitioner in the second above-entitled proceeding, has moved for a substitution of attorneys pursuant to CPLR 321 (subd [b]). (Hereinafter, the movant is called the client.) The unique other-side-of-the-coin part of this motion is the request by the client that the attorney to be substituted return the sum of $6,000, which has been paid to him for work already rendered in both cases.
First-side-of-the-coin situations where an attorney, on a motion to substitute, attempts to have his lien for services established are, of course, not unique, and many cases can be found in the annotations to sections 474 and 475 of the Judiciary Law and CPLR 321.
The main issue to be decided on this motion to substitute attorneys and to compel the return of the file can be stated as follows: "Does a client, upon a motion brought pursuant to CPLR 321(b), have an absolute right to have litigated the issue of whether he is entitled to a return of moneys already paid pursuant to an hourly rate retainer, or can the client be *856 relegated to a plenary action?” The court concludes that the client can be relegated to a plenary action and, under the facts of this situation, should be.
The client engaged the services of the attorney on April 30, 1975. They agreed upon a fee of $40 an hour, plus expenses. During 1975 and 1976, the client, based on periodic billings, paid some $6,000 for time spent on both cases by the attorney. During 1977 and 1978, the relationship became strained, and finally, in the spring of 1978, the client engaged another law firm to continue the pursuit of the two cases.
Generally, where an attorney has been retained on the basis of a fixed or contingent fee and has been discharged for cause, he is not entitled to any compensation (Crowley v Wolf, 281 NY 59; Bloom v Irving Trust Co., 152 Misc 50). But where an attorney is discharged without fault on his part, whether the client is entitled to the return of a part of the fee paid to the attorney depends on the intent of the parties when the payment was made, to be determined from all the surrounding circumstances (Fellner v Zuckerberg, 202 Misc 611). These general rules do not provide the answer to the question of what legal remedy a client can use to try to recover some or all of a fee already paid to an attorney.
The attorney in this matter by affidavit agrees to the substitution and the turning over of the papers. However, he objects to any order requiring him to return any of the fees paid him, and he claims that the court is without jurisdiction to consider this question on the motion to substitute. The court feels that it does have jurisdiction over the matter of the fee on this motion to substitute and could, in it's sound discretion, use this summary vehicle to settle the issue.
The following quote from Schell v Mayor of New York (128 NY 67, 68-69) clearly states the applicable legal guidelines: "The usual and ordinary remedy of a party, for the enforcement of a claim against another, is an action in a court of law or equity but, as between attorney and client, it has long been settled that a proceeding of this character, to compel the attorney to pay over money received by him and which belongs to the client, may be entertained and is within the power of the court. The principle upon which this exceptional remedy in such cases is based, is the power which the court has over its own officers to prevent them from, or punish them for, committing acts of dishonesty or impropriety calculated to bring contempt upon the administration of justice. In *857 such cases the court, in vindication of its own dignity or for the relief of the client when clearly wronged, may entertain summary proceedings by attachment against any of its officers, and may, in its discretion, direct the payment of money or punish them by fine or imprisonment. When an application is made to the court for the exercise of its powers to compel an attorney to pay over money received for and belonging to the client, the ground of the jurisdiction is the misconduct of its own officer. It has been said that this power should always be exercised with great prudence and caution and a sedulous regard for the rights of the client on the one hand and of the attorney on the other. It is not an absolute right that the client has to invoke this severe and summary remedy against the attorney, but one always subject to discretion. It is for the court to say when and under what circumstances it will entertain such proceedings, against its officers, upon the application of the client, and a refusal to proceed in that way is not the denial of any legal right. (Bowling Green Savings Bank v. Todd, 52 N. Y. 489; In the Matter of Knapp, 85 id. 284; In the Matter of H —, an Attorney, 87 id. 521; In re Paschal, 10 Wallace, 483.)”
While the Schell case (supra) does not involve a motion to substitute and also does not involve the return of a fee already paid, but rather involves a situation where the client was attempting to compel the attorney to pay over money received by him for the client, the principles announced therein seem to be applicable and binding in this situation.
Nevertheless, despite the power of this court to hear and determine on this motion the question of any of the fee already paid, the court, in its sound judgment and discretion, declines to do so.
It is true that the client’s affidavit claims negligence, incompetence and misconduct on the attorney’s part in that the attorney failed to communicate with him and failed to pursue with due diligence the cases he was engaged to handle. But, it is also true that the client voluntarily paid the $6,000 upon periodic billings by the attorney.
On balance, the parties are better left to a plenary action, and there appears to be no Statute of Limitations problem for the client. Even if this court were to determine the question, it would order a reference, for the matter cannot be determined on the motion papers alone.
The court does grant so much of the relief sought for insofar *858 as it requested substitution of attorneys and delivery of all papers, pleadings and statements in connection with both actions now in the possession of the attorney to be substituted.
One final issue arises. By letter dated some three days after argument of the motion, the client’s attorney submitted a new proposed order which required that the first-entitled action, wherein the client was named a defendant, be removed from the Supreme Court calendar until such time as the new, substituted attorney could study the file and complete any pretrial disclosure that he felt necessary. The court will deny this relief, since it was not requested officially in the notice of motion, without prejudice to a new motion being made upon due notice to the opposing attorney.