**STATE of Maine**

v.

**John R. GRANT.**

Supreme Judicial Court of Maine.

Decided Feb. 7, 1985.

Michael Povich, Dist. Atty., Edward McSweeney, III, Asst. Dist. Atty., Ellsworth, for plaintiff.

John Rolf Grant, pro se.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

■ John Grant appeals from the dismissal by the Superior Court, Hancock County, of a post-judgment motion seeking an order to direct his former court-appointed attorney to restore funds which Grant alleges the attorney converted to his own use. The sole issue on appeal is whether the Superior Court is required summarily to consider allegations of attorney misconduct in connection with alleged misappropriation of funds entrusted to his care. We hold that the Court, in the exercise of its power to supervise the conduct of its officers and to vindicate the integrity of the judicial process, is required to hear the post-judgment motion on the merits. We therefore vacate the dismissal and remand for that purpose.

On August 1, 1974, Grant's mother furnished cash bail in the sum of $2000 to secure his appearance at trial on a charge of high and aggravated assault and battery. Finding Grant indigent, the Superior Court appointed counsel to represent him. On April 22, 1975, he entered a plea of guilty to assault and battery and was sentenced to five months' imprisonment in the county jail. On that date the Clerk of the Superior Court Clerk delivered to John R. Grant a check for $2000 payable to his order.

On September 13, 1984, acting *pro se*, Grant filed a "Motion for Return of Cash Bail" in the Hancock County Superior Court under the caption and docket number of the original criminal case. The motion alleged that, on April 22, 1975, Grant's court-appointed attorney instructed him to indorse the check so that he could return the money to Grant's mother. However, it alleges, the attorney inserted the words "Pay to [attorney's name]" above Grant's indorsement in blank. He then "converted

said monies to his own personal use" without authority of John Grant or his mother. Relying on the court's power to supervise the conduct of its officers, Grant's motion asked the Superior Court to order the attorney to return the money to his mother. The Superior Court refused to consider the request. It held that "[t]he motion is not appropriate or proper for the relief demanded and is not a legally recognized proceeding to take the place of a civil action." Grant filed a timely appeal, arguing that the court erred in dismissing the motion without a hearing.[1]

Rule 44(c) of the Maine Rules of Criminal Procedure states that: "[a]ppointed counsel shall under no circumstances accept from the defendant or from anyone else on his behalf any compensation for services or costs of defense, except pursuant to court order." We have deemed a violation of that rule to be "conduct prejudicial to the administration of justice." M.Bar R. 3.2(f)(4); *Board of Overseers v. Rodway*, 461 A.2d 1062 (Me.1983). Appended to Grant's motion is a copy of the April 22, 1975 check. On the reverse side there clearly appears an indorsement to the name of Grant's court-appointed lawyer. The circumstances surrounding that indorsement are as yet undetermined. However, the motion adequately alleged that court appointed counsel had violated a rule of court.

■ The Superior Court deemed Grant's motion an inappropriate vehicle to settle the matter. In this regard it took an unduly limited view of its own power and responsibility. Where a lawyer's conduct is inimical to the integrity of the judicial system the court has the power to inquire into and, if necessary, correct the wrong done. "Attorneys are officers of the court and as such constitute an important part of the judicial system. The power to define and regulate the practice of law naturally

and logically belongs to the judicial department." *Board of Overseers of the Bar v. Lee*, 422 A.2d 998, 1002 (Me.1980), *appeal dismissed*, 450 U.S. 1036, 101 S.Ct. 1751, 68 L.Ed.2d 233 (1981). "From the moment of his entrance upon the duties of his office, [the attorney] becomes responsible to the court for his official misconduct." *Barnes v. Walsh*, 145 Me. 107, 110, 72 A.2d 813, 815 (1950); *Penobscot Bar v. Kimball*, 64 Me. 140, 146 (1875). The power to discipline an attorney for official misconduct is clearly inherent in the judiciary. *Board of Overseers of the Bar v. Lee*, 422 A.2d at 1002; *Barnes v. Walsh*, 145 Me. at 110, 72 A.2d at 815. It is not dependent upon statute, and where statutes granting disciplinary power to the courts exist they are simply "in aid of the authority and power inherent in the court." *In re Feingold*, 296 A.2d 492, 496 (Me.1972).

■ Though the Supreme Judicial Court has promulgated procedures governing attorney discipline,[2] courts are not thereby deprived of their inherent power to take other appropriate actions in a case before them to protect the integrity of the judicial system. Such actions include redress of a wrong perpetrated by an attorney on his client where the attorney's conduct is prejudicial to the administration of justice. This Court has said,

> An attorney is at common law answerable to the summary jurisdiction of the courts for any dereliction of duty and may be compelled to account for and pay over moneys or property belonging to his client which he has received in his professional capacity and withholds after due demand.... [O]n any prima facie showing that the attorney is wrongfully withholding moneys indisputably belonging to the client, the court will issue a summary rule....

---

1. The State contested the appeal. That it was the adverse party in the principal criminal action does not impose on it the duty to oppose any motion Grant brings. Where, as here, the court's power is invoked to vindicate its own

integrity, it seems to us that the State should have that end in mind as well.

2. M.Bar R. 7

*People's Savings Bank v. Chesley,* 138 Me. 353, 356, 26 A.2d 632, 633–34 (1942).[3]

In *Chesley* we cited the similar use of such a summary proceeding in cases from other jurisdictions, including *Strong v. Mundy,* 31 A. 611 (N.J.Eq.1895) ("Attorneys and solicitors are officers of the court, and there is no doubt of the authority of the court to proceed summarily against them for their misconduct." *Id.* at 612), and *In re Paschal,* 10 Wall. (77 U.S.) 483, 19 L.Ed. 992 (1870) ("the application ... is in the nature of a proceeding for contempt. [It] is based upon the power which the court has over its own officers to prevent them from, or punish them for, committing acts of dishonesty or impropriety calculated to bring contempt upon the administration of justice...." 10 Wall. at 491). *See also Charest v. Bishop,* 137 Minn. 102, 162 N.W. 1063 (1917), where the petitioner sought the return of money given to his attorney for his bail. That court held

> There can be no serious question of the authority and jurisdiction of the court to entertain the petition and to summarily hear and dispose of the questions thus presented.... The money having served the intended purpose petitioner was entitled to have it returned. [Though] the power of the court to compel a return in the manner here adopted is conferred by [statute,] the statutory authority is merely declaratory of the common law on the subject....

*Id.* at 1064.

■ The Superior Court's power to vindicate the integrity of the judicial process by the use of a summary remedy is limited to the case where, on consideration of all the facts, it appears that the attorney is indisputably in the wrong. But "if it subsequently develops that the purpose of the proceeding is but to determine disputed rights and credits and that the attorney has acted in good faith and without dishonesty, the proceeding will be dismissed and the

client remanded to his ordinary remedies at law." *People's Savings Bank v. Chesley,* 138 Me. at 356, 26 A.2d at 634. Whether or not to dismiss the proceeding on this basis "rests in the sound judgment and discretion of the trial court." *Id.*

At this point in these proceedings, a court is unable to determine what actually happened on April 22, 1975. No evidence has been presented. The attorney has neither been notified nor heard in the matter. On the basis of this motion, the Superior Court has the power and the duty to inquire and determine whether the attorney has acted in a manner prejudicial to the functioning of the judicial process. The dispute arises directly out of a criminal case in which the attorney was court-appointed counsel. In these circumstances the court, in the exercise of its power to supervise the conduct of its officers and to vindicate the integrity of the judicial process, may proceed summarily. On remand, after notice to the parties, the court should conduct such factual hearing as is necessary to determine the motion on the merits.

The entry is:

Order of dismissal vacated.

Remanded to the Superior Court for proceedings consistent with the opinion herein.

All concurring.

---

**3.** While recognizing the rule cited in the text, *Chesley* concerned a situation then and now covered by statute: a client's proceeding to recover money on a claim "left with" the attorney for collection. 14 M.R.S.A. §§ 7101, *et seq.,* formerly R.S. ch. 93, §§ 32 *et seq.* (1930).