### STATE of Maine

### v.

### John R. GRANT.

Supreme Judicial Court of Maine.

Submitted on Briefs May 7, 1986.

Decided June 5, 1986.

Matthew F. Dyer, Augusta, for amicus curiae.

John R. Grant, pro se.

Gross, Minsky, Mogul & Singal, P.A., George Z. Singal, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

This is the second time that this case comes before us on appeal. In *State v. Grant*, 487 A.2d 627, 628 (Me.1985) (*Grant I*), we held that the Superior Court, "in the exercise of its power to supervise the conduct of its officers and to vindicate the integrity of the judicial process," was required to hear on its merits defendant's post-judgment motion for return of a bail refund that his 1975 court-appointed attorney had accepted as his fee. On remand from that first appeal, the Superior Court

(Hancock County) after hearing denied defendant's motion on its merits and referred the consideration of ethical issues to the Board of Overseers of the Bar. Defendant, representing himself, appeals that denial of his motion. His former court-appointed attorney cross-appeals.[1] Because the Superior Court failed to complete the task intended for it in *Grant I,* we remand this case again to that court for it to make a specific finding of fact as to whether the court-appointed attorney violated M.R. Crim.P. 44(c) by accepting defendant's bail refund as compensation and, if so, to take appropriate corrective steps.

On remand from *Grant I* the Superior Court determined, from ample evidence of record, "that the $2,000 check was paid over to [court-appointed attorney] with Grant's knowledge and consent. There was no misappropriation of funds as alleged by Grant." That determination, however, did not answer the question whether the attorney had in fact violated the command of M.R.Crim.P. 44(c) that "[a]ppointed counsel shall *under no circumstances* accept from the defendant or from anyone else on his behalf any compensation for services or costs of defense, *except pursuant to court order.*" (Emphasis added) In the case at bar that question in turn reduces to the subquestion whether the presiding justice (now deceased) who took Grant's plea in April of 1975 approved, by order or its functional equivalent, the acceptance by the court-appointed attorney of the bail money as his counsel fee in lieu of public compensation. For the present purposes of protecting the integrity of the judicial process, the functional equivalent of a court order would exist if the 1975 justice expressed or in some other way evidenced his affirmative approval of the fee arrangement between defendant and his court-appointed attorney—that is, some-

thing more than mere silent acquiescence—even if that approval was not committed to writing or announced on the record or in open court. The Superior Court decision that is now on appeal falls short of resolving that critical subquestion; it states merely that the "record in this case does not reflect any such court approval"; and that "the court cannot find from the record that any such acceptance of payment was explicitly approved...."

In order "to vindicate the integrity of the judicial process," *Grant I,* 487 A.2d at 630, we find it necessary to remand this case again to the Superior Court so that it may make an explicit finding of fact on the subquestion whether the 1975 justice approved the fee arrangement between Grant and his court-appointed counsel by an order or its functional equivalent. The parties should be accorded an opportunity to present any further evidence relevant to that specific issue. The attorney will bear the burden of proof, by a preponderance standard, since he seeks to fit himself within the "court order" exception to the otherwise categorical prohibition of Rule 44(c).

If the Superior Court on remand finds that the 1975 justice did, by order or its functional equivalent, approve the court-appointed attorney's acceptance of the bail money as his counsel fee, this matter is at an end. If on the other hand the court finds that the attorney has failed to prove the existence of any such order or its functional equivalent, it shall order the attorney to deposit the $2,000 bail money in court. Thereupon, after hearing, the court shall award the attorney an appropriate counsel fee for his services in representing Grant in the 1974–1975 assault case, shall direct that such fee shall be paid out of the redeposited bail money, and finally shall order

1. We find no merit in the points raised on the attorney's cross-appeal. Insofar as the Superior Court is concerned, defendant—and not his mother, who allegedly provided him the $2,000 cash for his bail—paid the cash bail and was the proper party to claim its return. The attorney points to no action or decision of the Board of Overseers of the Bar that could preclude consideration of the matters before the Superior Court. Finally, we refuse to recognize any time limitations barring the Superior Court from vindicating the integrity of its own judicial process.

appropriate disposition of any remaining balance thereof.

We reaffirm our declaration in *Grant I,* 487 A.2d at 629–30, of the inherent power of the Superior Court to sanction lawyer conduct that is inimical to the integrity of the judicial proceeding before it. The trial court's exercise of that power in the individual case does not conflict with the more general disciplinary jurisdiction of the Supreme Judicial Court. Nothing in this opinion should be read to disable the Board of Overseers of the Bar from independently considering the ethical issues involved in violations of Rule 44(c), regardless of the action taken by the Superior Court.

The entry is:

Order of the Superior Court vacated. Remanded for proceedings consistent with the opinion herein.

All concurring.