Andrew B. SHAPIRO

v.

**DRUMMOND, WOODSUM, PLIMPTON
& MacMAHON.**

Supreme Judicial Court of Maine.

Argued Sept. 22, 1988.

Decided Dec. 23, 1988.

David M. Glasser (orally), Lincolnville, for plaintiff.

Thomas H. Allen (orally), Melissa A. Hewey, Drummond, Woodsum, Plimpton & McMahon, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

ROBERTS, Justice.

Andrew B. Shapiro appeals from the denial by the Superior Court, Cumberland County (Brennan, J.) of his motion for an order commencing summary proceedings against Drummond, Woodsum, Plimpton & MacMahon, P.A., pursuant to 14 M.R.S.A. §§ 7101–7105 (1980). Shapiro's only argument on appeal is that "the trial court erred, as a matter of law, in ruling that summary proceedings ... were inappropriate." We affirm.

Although the facts were submitted informally to the trial court, Shapiro concedes, for the purposes of this appeal, that the facts are undisputed. The defendant law firm successfully prosecuted on Shapiro's behalf a copyright infringement action in U.S. District Court in Vermont. The Federal Court awarded $20,000 in statutory attorney fees and $4,000 costs. Of the $72,500 collected, the firm retained approximately $20,500 representing the court-awarded fee and disbursements. After his demand for the balance was refused, Shapiro moved for a show cause order. He acknowledges the existence of a fee dispute, but asserts that he, not the firm, is entitled to retain the funds. The firm contends that it has a sufficient interest in the funds to justify its retention of the funds in escrow, as ordered by the trial court.

■ The first sentence of section 7101 states: "If an attorney-at-law receives money or any valuable thing on a claim left with him for collection or settlement and fails to account for and pay over the same to the claimant for 10 days after demand, he is guilty of a breach of duty as an attorney." Sections 7101 through 7105 provide a mechanism for summary relief from that breach of duty. The Superior Court "may examine the parties and other evidence pertinent thereto" and "render such decree as equity requires." Section 7102. The client may bring a plenary action even after an adverse decision in the summary proceeding. Section 7105.

We have in dictum seemed to straddle the question of the extent of discretion vested in the Superior Court by those sections. *Compare People's Savings Bank v. Chesley,* 138 Me. 353, 26 A.2d 632 (1942) (suggesting absence of discretion) *with State v. Grant,* 487 A.2d 627 (Me.1985) (suggesting existence of discretion), *vacated on other grounds* 510 A.2d 240 (Me. 1986). We have not previously determined the type of professional conduct that will justify summary relief under section 7101, nor have we decided whether a good faith claim of fee entitlement is a valid defense in such proceedings. We have held that transactions between an attorney and client must be carefully scrutinized without any presumption of fairness. *Burnham v. Heselton,* 82 Me. 495, 20 A. 80 (1890). We have not, however, suggested that compelling a client to sue his attorney in a dispute over a fee withheld is professional misconduct per se. *Id.; Mayo v. Purington,* 113 Me. 452, 94 A. 935 (1915).

Some courts have held that a client can obtain summary relief only upon a showing of bad faith, overreaching, fraud, or dishonesty on the part of the attorney. *See, e.g., In Re Paschal,* 77 U.S. (10 Wall.) 483, 19 L.Ed. 992 (1870); *Balogh v. Jackson,* 272 Pa. 482, 116 A. 377 (1922); *Krickau v. Williams,* 36 R.I. 85, 89 A. 152 (1913). Other courts have held that the trial court has considerable discretion in such matters, *e.g., Leibowitz v. Szoverffy,* 97 Misc.2d 854, 412 N.Y.S.2d 569 (N.Y.Sup.Ct.1979), and some insist that a good faith claim is no defense in a summary proceeding, *e.g., Union Bldg. & Sav. Ass'n v. Soderquist,* 115 Iowa 695, 87 N.W. 433 (1901).

In adopting the Maine Bar Rules in 1978, the Supreme Judicial Court reaffirmed the obligation of an attorney to preserve clients' funds. M.Bar.R. 3.6(f)(1)(ii) permits a lawyer to withdraw that portion of client funds claimed by the lawyer when due, "unless the right of the lawyer ... to receive it is disputed by the client." The rule further provides that "the disputed portion shall not be withdrawn until the dispute is finally resolved." Additional provisions require that an attorney may not charge an excessive fee, M.Bar.R. 3.3(a), and must submit fee disputes to arbitration if requested by his client, M.Bar.R. 3.3(c). Under current bar rules, an attorney has no obligation to remit disputed funds to his client, as long as the identity of the funds is preserved.

■ Whatever we have previously suggested, we now conclude that the good faith retention in escrow of a reasonable fee should not be the subject of summary show cause proceeding under section 7101. Our interpretation of section 7101 is supported by the legislative provision in section 7105 that a decision against the client is not res judicata in any subsequent plenary action. In this case, we do not hold that the fees belong to the law firm. We do determine, however, that the firm has made a good faith claim for its fees. Consequently, we conclude that the Superior Court properly denied summary relief.

The entry is:

JUDGMENT AFFIRMED.

McKUSICK, C.J., and WATHEN, GLASSMAN and CLIFFORD, JJ., concurring.

HORNBY, Justice, dissenting.

The result the Court reaches may be sound *legislative* policy, but that is not the question before us. And we cannot arrive at the meaning of this ancient statute providing a summary process for the "Recovery of Collection Payments from Attorneys" by applying the ethical standards for the behavior of lawyers that the Supreme Judicial Court has more recently laid down in the Maine Bar Rules. Instead, we must confront directly the language of the statute which is alarmingly (for lawyers) simple. Specifically, if a lawyer "receives money ... on a claim left with him for collection or settlement and fails to account for and pay over the same to the claimant for 10 days after demand, he is guilty of a breach of duty as an attorney." 14 M.R.S. A. § 7101 (1980). If the client files in the

Superior Court a motion under oath setting forth the facts, an order to show cause issues. *Id.* The lawyer must then "file an answer to such motion under oath," and a Superior Court Justice must "examine the parties and the evidence pertinent thereto" and "render such decree as equity requires." 14 M.R.S.A. § 7102 (1980). It is the client's, not the lawyer's, choice whether to use this summary proceeding, or pursue the suit at common law, 14 M.R.S.A. § 7105 (1980), or seek binding fee arbitration, M.Bar.R. 3.3(c).

The Federal District Court in Vermont awarded the plaintiff (the client) damages of $59,479.56, $4,000 in costs and $20,000 in attorney fees. It stated explicitly that "[t]he court leaves to plaintiff the task of allocating this [attorney fee] award between the two firms that contributed to his representation." During an appeal, the case was settled for a smaller amount. Thus, when this law firm recovered that amount, it received money on a claim left with it by the client for collection or settlement under Section 7101. Since it then refused to pay over to the client approximately $20,500, he was entitled to proceed by motion under Section 7101 and did so. The Superior Court, however, refused to issue an order to show cause. As a result, the law firm never filed an answer under oath and the Superior Court never examined the parties and evidence, nor rendered a decree on the merits. The Superior Court simply concluded that because there was a dispute over the fees, the client could not use the summary proceeding. I see nothing in the statute to support that conclusion.[1] I also see nothing in our case law to support this Court's reading of the stat-

ute to eliminate good faith retention of a reasonable fee from its purview, nor do I see the inconsistency that the Court finds between *People's Savings Bank v. Chesley,* 138 Me. 353, 26 A.2d 632 (1942), and *State v. Grant,* 487 A.2d 627 (Me.1985), *vacated on other grounds,* 510 A.2d 240 (Me.1986).[2] To the extent this statute is still used now that binding fee arbitration is available, the Court's decision today will likely result in summary proceeding litigation over a collateral issue—the "good faith" of the dispute—rather than quick resolution of the underlying dispute as the legislature surely intended.

As the Court recognizes, other jurisdictions have conflicting positions on the availability of this summary process. Some have reached their conclusion as a matter of common law, *e.g., In Re Paschal,* 77 U.S. (10 Wall.) 483, 19 L.Ed. 992 (1870), and some have dealt with statutes more directly concerned with punishment and disbarment than our own, *e.g., Balogh v. Jackson,* 272 Pa. 482, 116 A. 377 (1922). But I believe the language of the Maine statute is clear in affording the client a summary proceeding to resolve the fee dispute. I agree with the position taken by the Iowa Supreme Court in 1901:

> The [Iowa] statute does not limit the remedy to cases of bad faith, and evidently contemplated such a proceeding whenever the claim by the client against the attorney is for money received in his professional capacity.... There is nothing unreasonable or unjust in compelling the attorney, as an officer of the court, to answer summarily as to money collected for his client.... The fact that the client has a legal remedy for the recov-

---

1. The Superior Court relied on language in *People's Savings Bank v. Chesley,* 138 Me. 353, 26 A.2d 632 (1942), for its conclusion that a fee dispute prevented use of the summary proceeding, but that language dealt specifically with actions at common law, not proceedings under the statute. *Id.* at 357–58, 26 A.2d 632.

2. *Chesley* was careful to state that discretion whether to entertain a summary proceeding existed at *common law,* 138 Me. at 356, 26 A.2d 632, not under the Maine statute, *id.* at 357, 26

A.2d 632 ("There is no provision here [in the statute] for discharge of the motion and rule as a matter of discretion"). *Grant* dealt with the Court's *common law* power to protect the integrity of the judicial system and quoted *Chesley's* references to discretion in that context, 487 A.2d at 630, while recognizing explicitly that "a client's proceeding to recover money on a claim 'left with' the attorney for collection" is governed by the statute. *Id.* at n. 3.

ery of the money does not affect the right of the court to see that its own officer does not act contrary to his duty.... In the summary proceeding the court has the power to adjust any set-off which the attorney may have on account of fees or other charges due to him in connection with the proceeding in which he received the money in question, or as the result of any other services for which he has a lien on money of his client coming into his hands.

*Union Bldg. & Sav. Ass'n v. Soderquist, et al.,* 115 Iowa 695, 87 N.W. 433, 434 (1901) (citations omitted).

I would therefore vacate and remand for further summary proceedings under the statute.